MILLER *v.* CITY ICE & FUEL CO.[*]

1. WORKMEN'S COMPENSATION—CONSTRUCTION OF AGREEMENT AS TO COMPENSATION.

> An agreement as to compensation must be construed as a whole and neither an employer nor an employee may claim the benefit of that part of it beneficial to him and repudiate that part which is onerous.

2. SAME—AGREEMENT SUSPENDING COMPENSATION.

> An agreement suspending compensation must be without contingency or condition and not based upon a possible or probable event which may render it inoperative.

3. SAME—AGREEMENT AS TO COMPENSATION—APPROVAL—STATUTES.

> If an agreement as to compensation is not warranted by the statute, the order of the department of labor and industry approving it must be held to be made without authority (2 Comp. Laws 1929, § 8444).

4. SAME—EFFECT OF APPROVAL OF AGREEMENT NOT CONFORMING TO STATUTE.

> Order of department of labor and industry, in force at time of making a subsequent void agreement as to compensation and its approval by the department, remains in full force and effect (2 Comp. Laws 1929, § 8444).

5. SAME—ORDER SUSPENDING PAYMENT—SUBSEQUENT DISABILITY.

> Order which approved agreement suspending payment of compensation for partial disability and stipulating for right of plaintiff to petition department for such further compensation for disability thereafter developing *held*, void as without statutory authority.

FEAD, C. J., and NORTH and WIEST, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 8, 1937. (Docket No. 82, Cal-

---

[*] Pending decision of this case on rehearing, stipulation dismissing same was filed January 7, 1938.   See, also, *DeTroyer* v. *Ernst Kern Co.*, 282 Mich. 689.—REPORTER.

endar No. 39,070.)   Decided May 21, 1937.   Submitted on rehearing October 5, 1937.

Leverette D. Miller presented his claim for compensation against City Ice & Fuel Company, employer.   On petition for further compensation.. Award to plaintiff.   Defendant appeals.   Order vacated and previous order reinstated.   Appeal dismissed by stipulation pending decision on rehearing.

*Myron Winegarden,* for plaintiff.

*Alexander, McCaslin & Cholette (Burt E. Ballard,* of counsel), for defendant.

POTTER, J.   Plaintiff, employed by the City Ice & Fuel Company, August 25, 1933, suffered an injury to the right forearm and minor bruises on the upper arm and shoulder, as reported by the employer. Plaintiff was taken to the Hurley hospital at Flint. September 7, 1933, an agreement for compensation was made which described the injuries as "severe laceration of right forearm—minor bruises on right upper arm and shoulder."   This agreement for compensation was approved by the department of labor and industry September 21, 1933.   Other agreements for compensation were made and approved.   August 28, 1934, still another agreement for compensation was made which was approved by the department November 2, 1934, which recited the accident and that compensation had been paid for a total of 27-2/6 weeks at $13.67 a week, and for partial disability for 18 weeks at $4.34 a week, a total of $451.77.   This supplemental agreement recited:

"It is now hereby agreed that in the opinion of all the parties hereto, that disability has ended, and that because thereof payment of all further compensation shall stand suspended from and after the 22d day of July, 1934."

The agreement also contained a stipulation:

"If further disability from such injuries shall hereafter develop, this agreement shall not bar plaintiff's rights to petition the department for such further and added compensation as he may be entitled to; that on the hearing of such petition the plaintiff shall bear the burden of proof, and the department shall determine such petition according to the facts."

Subsequently and on May 13, 1935, plaintiff petitioned for further compensation, and on June 12, 1935, filed a petition for lump sum settlement. Defendant opposed plaintiff's petition for further compensation upon the ground he was not permanently disabled as a result of the accident; that he was able to work and earn substantially the same wages he was earning at the time of the accident; there was no change for the worse in plaintiff's condition since the approval of the agreement suspending further compensation, approved November 2, 1934; and that the defendant tendered work to the plaintiff, but plaintiff refused to do the same. Upon this petition for further compensation, the deputy commissioner, October 4, 1935, made a finding that plaintiff was suffering total disability and said disability had continued since May 14, 1935, and awarded compensation on the basis of $13.67 a week for total disability. Defendant filed a claim for review and this came on before the department of labor and industry which affirmed the finding of the deputy commissioner. Whereupon, defendant appealed to this court, claiming (1) the order of the department approving the supplemental agreement suspending further compensation constituted an arbitral award and that the matters therein contained are *res judicata;* (2) that the plaintiff had not alleged or

offered any proof of change of condition, and consequently the department had no jurisdiction to hear the case; and (3) that the findings did not substantiate the plaintiff's claim of total disability.

A final settlement receipt, such as was before the court in *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52, was not involved. The agreement was not one suspending compensation, approved conditionally, as in *Seem* v. *Consolidated Fuel & Lumber Co.*, 234 Mich. 637.

The agreement of August 28, 1934, must be construed as a whole. Neither the employer nor the employee may claim the benefit of that part of it beneficial to him and repudiate that part which is onerous. The agreement and the order approving the same are either valid or invalid. The agreement is either within or without the terms of the workmen's compensation act.

A trick agreement valid for the purpose of terminating the compensation of the employee and void so far as it imposes obligations on the employer is not such a one as the statute contemplates. *Carpenter* v. *Detroit Forging Co.*, 191 Mich. 45.

The supplemental agreement above mentioned was not one to stop compensation. It did not contemplate its permanent cessation or discontinuance. It was one to suspend compensation—"further compensation shall stand suspended." Its language connotes such compensation was to be temporarily withheld; should cease temporarily; was to be held in an undetermined state, in suspense; was to be kept waiting.

An agreement stopping compensation must be without contingency or condition, and not based upon a possible or probable event which may render it inoperative. *Carpenter* v. *Detroit Forging Co.*,

*supra; Dettloff* v. *Hammond, Standish & Co.,* 195 Mich. 117.

If the agreement is not warranted by the statute, the order of the department of labor and industry approving it was made without authority.

"Such agreements shall be approved by said board * only when the terms conform to the provisions of this act." 2 Comp. Laws 1929, § 8444.

And the order of the department in force at the time of the making of such agreement and its approval by the department of labor and industry remains in full force and effect. The order here under consideration was without authority and void *ab initio. Dettloff* v. *Hammond, Standish & Co., supra.*

The order of the department of labor and industry of November 2, 1934, approving the agreement of August 28, 1934, is set aside and held for naught, and the last prior order of the department of labor and industry reinstated in full force and effect, with costs.

Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred with Potter, J.

Fead, C. J. (*dissenting*). In this case the last approved agreement provided:

"That disability has ended, and that because thereof payment and all further compensation shall stand suspended from and after the 22d day of July, 1934."

Under 2 Comp. Laws 1929, § 8444, an approved agreement as to compensation is final and binding

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.— Reporter.

upon the parties. Under numerous decisions of this court, it has the effect of an award and is *res judicata.* As the award stands, the plaintiff is required to make a showing of change of physical condition in order to obtain a new award of compensation.

In view of the determination that, upon plaintiff's then physical condition, his disability had ended, the technical difference between "stopping" and "suspending" compensation is immaterial; and as the provision of the agreement for compensation in case of "further disability," obviously means a disability not then prevailing, a subsequent award would require a showing of change for the worse.

It is now claimed the agreement was made and approved as a temporary measure because the employee was given light work by the employer. This claim changes the decision of the department that disability had ceased; and if the award is wrong in this respect because of fraud or mutual mistake, the remedy, if any, is in a court of equity.

The law permits an opportunity for rehabilitation or sympathetic employment and reinstatement of full compensation when the employment ceases and in case disability remains. It provides for a set-off against compensation of money earned. 2 Comp. Laws 1929, § 8427 (e). The proper procedure is by a conditional award setting up the reason for the stopping or suspension or reduction of compensation, *MacDonald* v. *Great Lakes Steel Corp.,* 274 Mich. 701; or by continuance of full award, with credit for money earned on review of payments, *Smith* v. *Pontiac Motor Car Co.,* 277 Mich. 652.

Award should be vacated.

NORTH and WIEST, JJ., concurred with FEAD, C. J.