SIEMAN v POSTORINO SANDBLASTING & PAINTING COMPANY

Docket No. 50245. Submitted October 6, 1981, at Marquette.—Decided December 15, 1981.

Dale F. Sieman suffered a work-related disability while employed by Postorino Sandblasting and Painting Company. Postorino is a Wisconsin based corporation located in Marinette, Wisconsin, doing about 75% to 85% of its business in Wisconsin with most of the remainder being done in Michigan. Sieman is a Michigan resident and, while most of his work for Postorino was in Wisconsin, a portion of his work, including the job on which he was working on his last day of work, was in Michigan. Postorino was the insured under a workers' compensation and employer liability policy issued by Liberty Mutual Insurance Company pursuant to an assignment from the Wisconsin Assigned Risk Pool. The policy issued by Liberty Mutual provided for disability and compensation benefits payable under the Wisconsin workers' compensation law. The policy further provided that the insurer would pay on behalf of the insured all damages resulting from bodily injury or accident to an employee sustained in the course of an employee's employment in any state resulting from operations incidental to the Wisconsin employment. This employer liability coverage, however, specifically excluded liability under the compensation law of any other state. Sieman sought workers' disability benefits in Michigan. Liberty Mutual denied coverage, and, while it did not participate in the hearing before the Bureau of Workers' Compensation, it filed a brief denying liability for coverage under Michigan law but admitting coverage under Wisconsin law. The hearing judge determined that Sieman was partially disabled and that Liberty Mutual was liable for Sieman's benefits. Liberty Mutual appealed to the Workers' Compensation Appeal Board which, upon Liberty Mutual's motion, permitted Liberty Mutual to submit additional evidence. The appeal board reversed the finding of the hearing judge, absolved Liberty Mu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 638.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 470, 476.
[3] 81 Am Jur 2d, Workmen's Compensation §§ 37, 83 et seq.

tual of all liability for payment of Sieman's benefits, and placed the sole responsibility for such benefits on Postorino. Postorino appeals by leave granted. Sieman cross-appeals. *Held:*

1. The Workers' Compensation Appeal Board, in its discretion, may permit a party to submit additional evidence upon review where such evidence is in the furtherance of justice. The appeal board did not abuse its discretion in permitting Liberty Mutual to present additional evidence.

2. Since the appeal board does not possess the power to grant equitable relief, the appeal board properly declined to decide the question of whether insurance coverage should be imposed on the basis of estoppel.

3. While Liberty Mutual could properly limit its coverage to those benefits payable under the workers' disability law in Wisconsin where the policy was issued, since Liberty Mutual fixed a portion of its premium on the basis of the employer's business activities in Michigan, Liberty Mutual should be liable for that portion of the Michigan award representing what Liberty Mutual would have paid under Wisconsin law. On remand, the appeal board shall determine what would have been awarded under Wisconsin law.

Remanded.

1. WORKERS' COMPENSATION — EVIDENCE.

The Workers' Compensation Appeal Board, in its discretion, may permit a party to submit additional evidence upon review of a claim where such additional evidence is in the furtherance of justice (MCL 418.859; MSA 17.237[859], 1979 AC, R 408.50).

2. WORKERS' COMPENSATION — JURISDICTION — EQUITY.

The Workers' Compensation Appeal Board, while performing quasi-judicial duties, does not possess the inherent judicial power to grant equitable relief; the appeal board, accordingly, is powerless to decide the question of insurance coverage on the basis of estoppel.

3. WORKERS' COMPENSATION — OUT-OF-STATE EMPLOYER — INSURANCE — EXCLUSIONS.

A workers' disability compensation insurer of an out-of-state employer may properly limit its liability to those disability benefits payable under the laws of the state in which the employer is located; however, where an employee of such employer is injured while working in Michigan, the employee is entitled to disability compensation benefits in accordance with Michigan law with the insurer being liable for that portion of the Michigan award representing what the insurer would have

been liable for had the claim been brought in the state in which the employer is located.

*Wisti & Jaaskelainen,* for plaintiff.

*Barstow, Selsor & Barstow,* for Postorino Sandblasting and Painting Company.

*Lynch & Andrews, P.C.* (by *Thomas L. Solka),* for Liberty Mutual Insurance Company.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

N. J. KAUFMAN, P.J. Postorino Sandblasting and Painting Company appeals by leave granted from an opinion and order of the Workers' Compensation Appeal Board (WCAB) requiring Postorino to pay compensation to Dale F. Sieman and to reimburse Liberty Mutual Insurance Company for any compensation it previously paid to plaintiff. A cross-appeal has been filed by Sieman.

Postorino is a Wisconsin corporation based in Marinette, Wisconsin. It does between 75% and 85% of its business in Wisconsin and most of the remainder in Michigan. Postorino first obtained workers' compensation insurance from Liberty Mutual in 1973 through an assignment from the Wisconsin Assigned Risk Pool. Under the terms of "Coverage A" of its policy with Postorino, Liberty Mutual agreed to "pay promptly when due all compensation and the benefits required of the insured by the workmen's compensation law". The policy defined "workmen's compensation" as "the workmen's compensation law of a state designated in Item 3 of the declarations". Item 3 of the declarations designated only the State of Wisconsin. The terms of "Coverage B" of the policy provided in part:

"Coverage B—EMPLOYERS' LIABILITY To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,

"(a) sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto, * * *."

Postorino did not have a separate compensation policy covering its operations under Michigan compensation law.

In September of 1974, Walter Weidman, an auditor for Liberty Mutual, conducted an audit of Postorino's payroll. The purpose of the audit was to determine the total amount of the payroll, which was then used to set the premium due on the compensation policy. As Weidman was examining Postorino's payroll records, he noticed that the payroll for work done in Michigan was in red ink. He asked Emil White, Jr., the president of Postorino, if the company had a separate Michigan compensation policy, and, when he learned that it did not, he included the Michigan payroll in the audit along with the Wisconsin payroll. Weidman testified that he included the Michigan payroll in the audit because the employees on the Michigan payroll were Wisconsin employees and would have been covered under the Liberty Mutual Policy while temporarily working in Michigan. He explained to White that "there was Wisconsin coverage for Wisconsin employees while they were working in Michigan". However, Weidman never informed White that coverage did not exist for claims brought under the Michigan compensation law, although he did advise White in 1974 that

Postorino should obtain a Michigan compensation policy.

Whenever Postorino contracted to do work in Michigan, White would request Liberty Mutual to provide a certificate of insurance as proof of Postorino's coverage. The certificates issued indicated that Postorino had Wisconsin coverage only.

Sieman, a resident of Menominee, Michigan, was employed as a sandblaster and painter by Postorino from June of 1960 until June 7, 1974. According to Emil White, Sieman was considered by Postorino to be a Wisconsin employee. In April of 1974, Sieman sought medical treatment after experiencing chest pains, shortness of breath and lethargy. He was hospitalized for silicosis and was advised by his physician to terminate his employment.

On March 10, 1976, Sieman filed a petition for a hearing with the Michigan Bureau of Workers' Compensation. Although Liberty Mutual did not participate in the hearing, it filed an amicus brief in which it denied liability for coverage under Michigan law but admitted coverage under Wisconsin law. The hearing judge found that Sieman was partially disabled and that Liberty Mutual was liable for Sieman's benefits under Michigan law. The WCAB reversed the latter findings, holding Postorino solely responsible for the disability benefits.

On appeal, Postorino argues that: (1) the WCAB abused its discretion by permitting Liberty Mutual to take further testimony after the insurer declined to appear at the earlier hearing; (2) Liberty Mutual should be estopped from denying coverage because of the representations of its auditor and its other actions; and (3) even if it is assumed that Liberty Mutual could and did limit its coverage to

the benefits provided for by Wisconsin law, the WCAB erred by failing to order the insurer to pay that portion of the benefits awarded to Sieman. In his cross-appeal, Sieman contends that the WCAB erred in concluding that compensation coverage did not exist under the terms of the policy.

Under MCL 418.859; MSA 17.237(859), the WCAB may, upon review of a claim, in its discretion allow the parties to submit additional evidence. General Rule 20 of the Bureau of Workers' Disability Compensation, 1979 AC, R 408.50, provides:

"Rule 20. The appeal board may order the taking of additional testimony, either on its own motion or on the application of 1 or both of the parties, when it considers that such action shall be taken in the furtherance of justice. If the opposite party desires to contest such application, an answer shall be filed within 10 days. The appeal board shall consider the application and answer, if any, without oral argument of the parties and enter an order either granting or denying the application. If the application is granted, the opposite party may present rebuttal testimony."

Liberty Mutual declined to participate in the hearing before the administrative law judge because of a good faith belief that, as a matter of law, its coverage was limited to Wisconsin compensation law. Still, it made its position clear in an amicus brief filed prior to the hearing. The insurer subsequently filed a petition to present additional testimony because it believed the testimony presented at the hearing on the issue of its liability was incomplete and misleading. Considering that the purpose of admitting further evidence is to advance the ends of justice, we cannot hold that the board abused its discretion by granting Liberty Mutual's application.

Sieman, in his cross-appeal, contends that coverage under Michigan's compensation law is included under the terms of "Coverage B" of the policy, excerpted above. We disagree. Coverage B applies in cases where actions are brought by employees under the common law in jurisdictions where such actions are not yet prohibited by workers' compensation laws. *Toebe v Employers Mutual of Wausau,* 114 NJ Super 39; 274 A2d 820 (1971). Exclusion (f) of the insurance policy specifically states that Coverage B is inapplicable to liability under the compensation law of any state other than that designated in Item 3, that is, Wisconsin. Sieman's cross-appeal is therefore without merit.

We also find unmeritorious Postorino's claim that the WCAB erred by not holding Liberty Mutual estopped to deny coverage under the insurance policy. Although the WCAB performs quasi-judicial duties, it is not possessed of inherent judicial power. *Michigan Mutual Liability Co v Baker,* 295 Mich 237; 294 NW 168 (1940), *Jones v St Joseph Iron Works,* 212 Mich 174; 180 NW 374 (1920). Rather, the board is a statutory body with specific legislatively created powers. In particular, the board lacks jurisdiction to pass upon equitable claims. *Auto-Owners Ins Co v Elchuk,* 103 Mich App 542, 546; 303 NW2d 35 (1981), *Woody v American Tank Co,* 49 Mich App 217, 226-227; 211 NW2d 666 (1973). The WCAB acted properly in the instant case in declining to rule on Postorino's estoppel theory.

The insurance policy issued by Liberty Mutual expressly limits the compensation coverage to "compensation and other benefits required of the insured" by the compensation law of Wisconsin. In *Woody v American Tank Co, supra,* this Court refused to vitiate such a restrictive policy condi-

tion. However, in *Woody,* the insurer voluntarily paid the lesser benefits available under the compensation law of the state specified in the policy. Thus, the Court in that case was not required to decide whether payment of the more limited benefits of the sister state was mandated even though the plaintiff's compensation claim was brought within the Michigan system. The question is one of first impression within this state; moreover, the courts of other jurisdictions have considered the issue with differing results.

In *Consolidated Underwriters v King,* 160 Tex 18; 325 SW2d 127 (1959), the Texas Supreme Court indicated that such limited payments would not be enforced in Texas courts. There, the respondent's decedent had suffered fatal injuries while working in Texas for his employer, a lumber company. Although the decedent was a resident of Louisiana and the company had its offices and a mill in Louisiana, the employer operated in both states. The company's insurer had issued it a policy which limited coverage to the compensation law of Louisiana. On appeal, the Court refused to extend the policy benefits to those permitted under Texas compensation law, and left the respondent without other relief by noting "that Texas courts will not entertain jurisdiction to enforce rights arising under" the Louisiana compensation act. See also *Travelers Ins Co v Industrial Accident Comm,* 240 Cal App 2d 804; 50 Cal Rptr 114 (1966).

We believe the better view is that expressed in *Weinberg v State Workmen's Ins Fund,* 368 Pa 76; 81 A2d 906 (1951). In *Weinberg,* the plaintiffs operated a summer camp for children in Pennsylvania, and their workmen's compensation policy was limited to Pennsylvania's compensation law. Nevertheless, the injured employee was a resident

of New Jersey, had entered into a contract of employment there with the plaintiffs and was therefore entitled to benefits under New Jersey law. Pursuant to the policy limitation, the insurer refused to reimburse the plaintiffs for benefits awarded in that state. The Pennsylvania Supreme Court held that the insurer was liable to plaintiffs to the extent it would have been had the employee initially sought relief in Pennsylvania.

"We do not think it can be fairly inferred from the terms of the policy, or that the parties thereto could have contemplated, that the Fund assumed the obligation to save plaintiffs harmless only in case the injured employee instituted proceedings to recover compensation in Pennsylvania and not if, for some purpose of her own, she chose to proceed against plaintiffs in some other jurisdiction. Had such limitation of the Fund's obligation under the policy been intended by the parties it could and should have been expressly inserted therein." 368 Pa 76, 82.

See also *American Mutual Ins Co v Duvall,* 117 NH 221; 372 A2d 263 (1977), *Kacur v Employers Mutual Casualty Co,* 253 Md 500; 254 A2d 156 (1969).

The rationale of *Weinberg* is applicable to the similarly worded policy of the instant case. Had Liberty Mutual desired, it could have written into the policy an express exclusion of coverage under even the law of Wisconsin for cases where an employee proceeds in the Michigan compensation system. The requirement that such an exclusion be express is in keeping with our long-standing rules for construing insurance contracts. Insurance policies must be construed in accordance with the ordinary and popular sense of the language used. A policy drafted by the insurer is to be construed

in favor of the insured to uphold coverage. With regard to exclusions, an insurer has a duty to clearly express any policy limitations before they will be given full effect. *Smillie v Travelers Ins Co,* 102 Mich App 780, 782; 302 NW2d 258 (1980).

By holding that Liberty Mutual is liable to Postorino for that portion of the benefits paid as would be payable under Wisconsin compensation law (and liable to Sieman for further benefits as would be so payable), we do no injustice to the insurer. Quite plainly, the premium base of the policy was based on an anticipation of liability under Wisconsin law. In setting the premium, Liberty Mutual considered those Wisconsin workers, such as Sieman, who were utilized in Michigan operations. The insurer conceded in its brief before the hearing referee that coverage would exist for liability as imposed by the law of Wisconsin, but now seeks to deny that coverage because of the fortuity that the proceedings were brought in Michigan. But to deny limited coverage in this instance would, in effect, grant a windfall to Liberty Mutual. Any employee with competent counsel placed in Sieman's situation will proceed within the Michigan compensation system to take advantage of its more generous benefit schedule. Thus, although Liberty Mutual bases its premiums in part on Postorino's Michigan operations (and Wisconsin compensation law), it could only have anticipated that these cases, as often as not, would be brought in Michigan.

Concededly, our holding will require the WCAB to interpret the compensation law of other states in order to apportion benefit liability between employers and insurers. However, the same task is required in any conflict of laws case. While the determination is an additional burden, it is not an

insurmountable one. *Cf. Toebe v Employers Mutual of Wausau, supra,* 50.

Remanded to the Workers' Compensation Appeal Board for further proceedings and a determination of Liberty Mutual's liability under the compensation law of Wisconsin. We retain no jurisdiction.