## McDONALD v ZINN DRYWALL

Docket No. 68021. Submitted February 7, 1984, at Grand Rapids.—
Decided April 30, 1984. Leave to appeal applied for.

Thomas McDonald was injured while working for Zinn Drywall.
He filed a workers' compensation claim against Zinn alleging
injuries to his back, legs, and nervous system. McDonald and
Zinn agreed to a redemption settlement in the amount of
$7,500. More than six years later, McDonald filed suit against
Zinn in Kalamazoo Circuit Court seeking to have the redemp-
tion agreement set aside on the ground of mutual mistake.
Following a bench trial, the court, John E. Fitzgerald, J.,
entered an order granting rescission and holding that Mc-
Donald need not repay the redemption amount before proceed-
ing with his action against Zinn. Zinn appeals. *Held:*

1. The trial court did not err in setting aside the redemption
agreement on the basis of mutual mistake. Plaintiff showed by
a preponderance of the evidence that the agreement was based
on mutual mistake.

2. The case is remanded to the circuit court for dismissal,
provided that if plaintiff shall, within 30 days of the order of
remand, tender restitution and file proof thereof in the circuit
court, the order of dismissal shall not be entered and the
circuit court's order granting rescission shall instead be af-
firmed.

Affirmed in part and remanded.

1. WORKERS' COMPENSATION — REDEMPTION AGREEMENTS — RESCIS-
SION — MUTUAL MISTAKE — CIRCUIT COURTS.

Circuit courts have jurisdiction to rescind workers' compensation
redemption agreements on grounds of mutual mistake.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 17 Am Jur 2d, Contracts §§ 143, 501 *et seq.*
81 Am Jur 2d, Workmen's Compensation § 4.
[2] 82 Am Jur 2d, Workmen's Compensation § 534.
[3] 5 Am Jur 2d, Appeal and Error § 703.
82 Am Jur 2d, Workmen's Compensation § 618.
[4] 15A Am Jur 2d, Compromise and Settlement § 42.
66 Am Jur 2d, Release §§ 57, 58.

2. Workers' Compensation — Redemption Agreements — Rescission — Mutual Mistake — Burden of Proof.

A plaintiff seeking to rescind a workers' compensation redemption agreement on the ground of mutual mistake must show such mistake by a preponderance of the evidence.

3. Appeal — Workers' Compensation — Redemption Agreements — Rescission — Mutual Mistake — *De Novo* Review.

The Court of Appeals reviews *de novo* actions to rescind workers' compensation redemption agreements on the ground of mutual mistake.

4. Release — Rescission — Tender.

Absent fraud, the consideration received in a settlement agreement must be tendered back before the settlement agreement can be rescinded.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Thomas D. Geil),* for plaintiff.

*Anderson, Green, Vincent & Ingram, P.C.* (by *Adrian R. Vincent),* for defendant.

Before: M. J. Kelly, P.J., and R. M. Maher and M. P. Reilly,* JJ.

M. J. Kelly, P.J. More than ten years after suffering an injury in the course of his employment, plaintiff obtained a circuit court order rescinding a workers' compensation redemption agreement signed by the parties and approved after a hearing before a workers' compensation hearing officer. The question of first impression raised on this appeal is whether plaintiff must, as a condition precedent to maintaining an action seeking rescission, tender a return of the amount of the redemption agreement settlement.

On May 15, 1972, plaintiff was injured while installing drywall sheet rock. Plaintiff was employed by defendant, although whether as a sala-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ried employee or as a subcontractor is a subject of dispute. Plaintiff was injured when 15 sheets of drywall fell on him, striking him in the back and pushing him head-first through a facing wall of similar material. Plaintiff was stooped over when struck, was stunned for a few moments, and, when he extricated himself, noted a stiffness in his back and pains in his waist and head. Plaintiff continued to work for two months after the incident, but one morning he bent over and froze in the bent position. After medical consultation, he ultimately had surgery on his back.

On August 8, 1972, plaintiff filed a workers' compensation claim against Zinn alleging injuries to his back, legs, and nervous system. The record does not reveal whether medical benefits were paid prior to the filing of his petition, nor indeed does the record reveal the amount of medical expenses incurred. The record is also unclear as to whether any disability benefits were paid voluntarily between the date of the injury, May 15, 1972, and the date of the redemption, March 1, 1973, although the implication is that none were paid because plaintiff continued to work for two months directly following. On March 1, 1973, the redemption settlement in an amount of $7,500 was approved.

Plaintiff brought this circuit court rescission action on November 19, 1979, alleging that the redemption agreement was based on a mutual mistake of fact. Plaintiff claims he began to experience emotional problems sometime in 1974. Apparently plaintiff would break out into uncontrollable rages over minor annoyances. He also suffered memory lapses in five- to eight-minute spells during which he was unaware of the events occurring around him. In July of 1975, plaintiff sought treat-

ment at the Muskegon Mental Health Clinic. He was treated there for about a year before being referred to Dr. Ford, a clinical psychologist. The doctor diagnosed temporal lobe epilepsy, which he believed was "directly related to an injury that [plaintiff] sustained while working as a laborer on a job in which a sheet of concrete wall came in on top of him". Plaintiff was referred for consultation to Dr. Pugh, from the University of Michigan Hospital, who concurred in Dr. Ford's diagnosis.

A bench trial in the circuit court was held on January 27, 1982. On October 29, 1982, the circuit court entered an order granting plaintiff rescission and holding that plaintiff need not repay the redemption amount before proceeding with his suit. Defendant appeals as of right from the circuit court judgment.

I

*Did plaintiff show by a preponderance of the evidence the existence of a mutual mistake of fact entitling plaintiff to have the redemption agreement set aside?*

The circuit court has jurisdiction to rescind a workers' compensation redemption agreement on the ground of mutual mistake. *Solo v Chrysler Corp (On Rehearing),* 408 Mich 345, 352-353; 292 NW2d 438 (1980). Plaintiff must show that the agreement was based on mutual mistake by a preponderance of the evidence, *Hall v Strom Construction Co,* 368 Mich 253, 257; 118 NW2d 281 (1962), although the majority of jurisdictions require clear and convincing evidence, 71 ALR2d 82, § 18, pp 172-175. This Court reviews *de novo. Hall,* p 257.

The facts in this case are nearly identical to

those in *Hall, supra.* In *Hall,* the plaintiff suffered head and back injuries when a cement block fell on him while he was doing construction work for Strom. Hall's hospital record noted, "brain concussion and back strain". Both the plaintiff and the insurer "were concerned more with the trivial—as it turned out—back injury. All looked upon the head blow as something of but temporary annoyance". *Hall,* p 257. Hall signed a release for the nominal sum of $425, but was subsequently diagnosed as having epilepsy due to the head injury. The circuit court held that there was a mutual mistake as to the nature of Hall's injury and ordered that the settlement agreement be set aside. The Michigan Supreme Court affirmed.

In *Solo, supra,* the Supreme Court specifically held that workers' compensation redemption agreements may be set aside based on common-law principles of mutual mistake of fact. Accordingly, here the circuit court's order setting aside the parties' redemption agreement under facts nearly identical to those contained in *Hall* was proper.

## II

*As a condition precedent to seeking rescission of a redemption agreement for a mutual mistake, must a plaintiff return the consideration received for the redemption agreement?*

"When a release or compromise settlement of a claim has been obtained through fraud, duress, or mistake, or at a time when the person executing the release was not mentally competent, and such person seeks to recover on his original cause of action, a tender or offer to return the consideration received for the release is ordinarily held to be a condition precedent to its being set aside. * * * [I]t is true that in some instances of a release procured through fraud in the factum, which

renders the release void instead of merely voidable, it has been held that a return of the consideration is not necessary * * *." 53 ALR2d 757, § 1, p 758.

Absent fraud, the consideration received in a settlement agreement must be tendered back before the settlement agreement can be rescinded. *Carey v Levy,* 329 Mich 458, 464-465; 45 NW2d 352 (1951); *Randall v Port Huron, St Clair & Marine City R Co,* 215 Mich 413, 423; 184 NW 435 (1921); *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136, 140; 311 NW2d 317 (1981). The tender must be made within a reasonable time, under the circumstances of the case, after discovery of the mutual mistake. *Carey,* p 464; 53 ALR2d 757, § 3, p 761.

The finding of the trial judge in this regard was that plaintiff was not required to tender the return of the $7,500 sum received following the redemption. The circuit court held:

"Relative to the requirement that the plaintiff must tender to defendant all sums previously paid pursuant to the redemption agreement as a condition precedent to a rescission of said agreement this court is not satisfied such a requirement is mandated by the law of this state. In making this ruling the court is cognizant of the decisions of the Michigan Court of Appeals rendered in *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136 [311 NW2d 317] (1981), and *Chapman v Ross,* 47 Mich App 201 [209 NW2d 288] (1973).

"The issue has never been raised or even suggested that plaintiff is not entitled to the $7,500.00 as compensation for the injuries known unto him and defendants at the time the redemption agreement was executed. The sole question is whether or not the "cap" can be lifted or removed from that settlement to permit plaintiff to recover additional compensation for now known injuries that may be attributable to the accident occurring on May 15, 1972, to require plaintiff to tender back

those sums which he is legitimately entitled to, as a condition precedent to seeking recovery of additional sums that he may also legitimately be entitled to, would not be equitable and violative of the very concept of 'compensating' one for injuries and resulting disability when one is injured during the course of their employment."

The fallacy with the trial court's finding is that liability was disputed, not conceded, in the workers' compensation disability proceedings. The hearing officer, apparently summarizing the parties' positions, stated:

"[T]he reason we are recommending the settlement, there would be a substantial issue if the case were tried as to whether he was an independent contractor or employee of the defendant. It's undisputed that during some or most all of the time that Mr. McDonald worked for the defendant, he also, that is Mr. McDonald also had a man working for him."

We have no way of knowing if there are any sums to which the plaintiff was "legitimately entitled". We are not faced with a situation where voluntary benefits were paid as to the weekly disability benefits, indeed we do not even know how much time plaintiff lost from work preceding the redemption. We do not know the medical benefits or whether the medical benefits were indeed voluntarily paid by the defendant or his carrier. Under these conditions we find that the remedy adopted in *Carey v Levy, supra,* is appropriate. There, the Court required the plaintiff to tender back the consideration he received in settlement of his claim for personal injuries received in an automobile accident but gave the plaintiff 30 days in which to do so before dismissal would be ordered.

"The circuit court's order dismissing plaintiffs' suit is affirmed, but without prejudice to hearing and determination by the trial judge of a motion by plaintiffs to reinstate their suit, provided within 30 days after our decision herein they make or tender restitution and file proof thereof in the circuit court, and promptly after filing such proof submit their motion for reinstatement." 329 Mich 466.

We remand to the circuit court for dismissal, provided that if the plaintiff shall, within 30 days of our order of remand, tender restitution and file proof thereof in the circuit court, the order of dismissal shall not be entered and the circuit court's order granting rescission, dated October 29, 1982, and filed November 1, 1982, shall instead be affirmed.

No costs, neither party having prevailed.