## MOORE v CAMPBELL, WYANT & CANNON FOUNDRY

Docket No. 73002. Submitted February 8, 1984, at Grand Rapids.— Decided May 6, 1985. Leave to appeal applied for.

Plaintiff, Willie C. Moore, entered into a redemption agreement with his employer, Campbell, Wyant & Cannon Foundry, and its workers' compensation insurer, Aetna Casualty & Surety Company, in 1973 as the result of work-related injuries to his back. In 1977, plaintiff filed a new petition alleging a new disability caused by the onset of a pulmonary condition allegedly as a result of exposure to dust and sand in the foundry. Named as respondents were the employer, the insurer, and the Silicosis & Dust Disease Fund. The new petition was initially denied, but the Workers' Compensation Appeal Board ordered the payment of benefits, holding that the 1973 redemption did not bar plaintiff's new petition. The employer and its insurer sought leave to appeal, which was denied. The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration as on leave granted. 417 Mich 1072 (1983). *Held:*

The language of the 1973 redemption agreement unambiguously released the employer and insurer from all liability for any injuries, known or unknown, arising from the plaintiff's employment. The WCAB erred in considering extrinsic evidence and concluding that the parties intended only to settle liability for the back injury. The redemption agreement was intended to settle all liability arising from the employment and therefore bars the new petition.

Reversed.

M. J. KELLY, J., dissented. He would hold that the WCAB's findings of fact as to the parties' intent was not in error. He

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 463.

[2] 81 Am Jur 2d, Workmen's Compensation § 77.
Admissibility of evidence that injured plaintiff received benefits from a collateral source, on issue of malingering or motivation to extend period of disability. 47 ALR3d 234.

[3] 82 Am Jur 2d, Workmen's Compensation § 344.

[4] 82 Am Jur 2d, Workmen's Compensation § 470.

would affirm but remand for a determination of credit to be granted to the defendants in order to avoid a double recovery. He also agreed with the WCAB that the one-year-back rule did not apply to this claim and that the WCAB had jurisdiction over this claim to determine the intent of the parties in the previous redemption agreement. He would affirm.

### OPINION OF THE COURT

1. WORKERS' COMPENSATION — REDEMPTION AGREEMENTS — JUDICIAL CONSTRUCTION — INTENT OF PARTIES.

The meaning of the language of a redemption agreement, where that language is unambiguous, is a question of law and the intent of the parties, which governs the scope of the agreement, must be discerned from the words used in the instrument; a court may not make a different contract for the parties or look to extrinsic testimony to determine the parties' intent where the words used by them are clear and unambiguous and have a definite meaning.

### DISSENT BY M. J. KELLY, P.J.

2. WORKERS' COMPENSATION — DOUBLE RECOVERY.

*Workers' compensation law does not favor a double recovery.*

3. WORKERS' COMPENSATION — ONE-YEAR-BACK RULE — SEPARATE INJURIES.

*The one-year-back rule of the workers' compensation law does not apply to limit a claimant's recovery of benefits where the claim is a second one which is for an entirely separate injury from that involved in an earlier claim and the claimant is not seeking "further compensation" under the terms of the statute (MCL 418.833[1]; MSA 17.237[833][1]).*

4. WORKERS' COMPENSATION — REDEMPTION AGREEMENTS — EQUITY.

*The Workers' Compensation Appeal Board does not possess equitable powers and thus has no jurisdiction to set aside a redemption agreement based upon fraud or mutual mistake; however, the board does have jurisdiction over a claim in which it is alleged that there was no meeting of the minds as to future-developing disability in a prior redemption agreement which had been approved at a duly conducted hearing (MCL 400.821[2], 418.841; MSA 17.237[821][2], 17.237[841]).*

*McCroskey, Feldman, Cochrane & Brock* (by *Gary T. Neal),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D.*

*Wells),* for Campbell, Wyant & Cannon Foundry and Aetna Casualty & Surety Company.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

M. P. REILLY, J. Defendants appeal from the April 21, 1982, decision and order of the Workers' Compensation Appeal Board, awarding benefits in the amount of $69 per week to plaintiff for a work-related silicosis disability.

Plaintiff was employed by defendant Campbell, Wyant & Cannon Foundry from 1946 through September 16, 1968. Throughout his employment plaintiff worked in the foundry's core room where the air was constantly filled with fine sand particles and iron dust. On several occasions from and after 1954, plaintiff sought treatment for work-related back injuries, and he was off work several times due to those injuries. On August 14, 1967, he filed a petition with the Bureau of Workers' Disability Compensation seeking benefits for work-related injuries to his back. Plaintiff was awarded benefits which were paid until May 7, 1973, when plaintiff and defendants entered into a redemption agreement. The redemption agreement provided for payment of $24,000 to plaintiff and referred to an injury date of "5-8-67 and all other dates of employment".

On April 25, 1977, plaintiff filed a new petition alleging a new disability due to the onset of a pulmonary condition allegedly resulting from exposure to the dust and sand in the foundry. The hearing officer ruled that the redemption agreement of May 7, 1973, was a settlement of all claims, existing and future, arising out of plaintiff's employment with defendant Campbell, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

therefore dismissed the petition. The WCAB, in an opinion and order dated April 21, 1982, reversed the hearing officer and ordered payment of benefits to plaintiff in the amount of $69 per week from April 25, 1975, to the date of the hearing and until further order of the bureau. The WCAB concluded that the parties to the May 7, 1973, redemption agreement intended to settle only the defendants' liability as to plaintiff's back condition. After this Court denied defendants' application for leave to appeal, the Supreme Court, on August 2, 1983, remanded the matter to this Court for consideration as on leave granted. 417 Mich 1072 (1983).

The dispositive issue is whether the WCAB erred in holding that the 1973 redemption does not bar plaintiff's petition. We hold that the WCAB did so err, and accordingly reverse the award of benefits.

The redemption agreement contains the following provision:

"The employee recognized and hereby agrees that this settlement releases the employer and its insurance carrier from any and all liability from the above-mentioned injury, and any other injuries, known or unknown, organic or functional, which may have occurred during this employment with the employer."

The WCAB recognized that, by this language, plaintiff agreed "to settle for any and all physical conditions which might have arisen out of his employment". Notwithstanding this unequivocal and unambiguous language, the board ruled that the parties intended to redeem only the previously adjudicated back injuries and not conditions which could arise in the future. This was error.

In *Beardslee v Michigan Claim Services, Inc,* 103 Mich App 480, 485; 302 NW2d 896 (1981), *lv den* 412 Mich 872 (1981), the Court stated:

"[A]s a general rule, the construction of redemption agreements is governed by the same rules as other settlements. *Miller v City Ice & Fuel Co,* 279 Mich 592; 277 NW 196 (1937). Further, the intent of the parties to a release, *expressed in the terms of the agreement,* governs the scope of the release. *Grzebik v Kerr,* 91 Mich App. 482, 486; 283 NW2d 654 (1979)." (Emphasis added.)

It is well-settled that, where the language of an agreement is unambiguous, the meaning of the language is a question of law, *Craib v Presbyterian Church,* 62 Mich App 617, 620; 233 NW2d 674 (1975), and the intent of the parties must be discerned from the words used in the instrument. This principle was discussed in *Michigan Chandelier Co v Morse,* 297 Mich 41, 49; 297 NW 64 (1941):

" 'Whatever may be the inaccuracy of expression or the inaptness of the words used in an instrument in a legal view, if the intention of the parties can be clearly discovered, the court will give effect to it and construe the words accordingly. It must not be supposed, however, that an attempt is made to ascertain the actual mental processes of the parties to a particular contract. The law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest. It is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties and then carry out that intention regardless of whether the instrument contains language sufficient to express it; but their sole duty is to find out what was meant by the language of the instrument.' 12 Am Jur pp 746-748.

"* * * We must look for the intent of the parties in the words used in the instrument. This court does not have the right to make a different contract for the parties or to look to extrinsic testimony to determine their intent when the words used by them are clear and unambiguous and have a definite meaning."

In the present case the language of the agreement evidences a clear intent to settle liability for all injuries, "known or unknown, organic or functional", which may have occurred during the course of plaintiff's employment with defendant Campbell. The WCAB expressly recognized the import of this language, but nonetheless considered extrinsic evidence and concluded that the parties' true intent was to settle liability only for plaintiff's back condition. The effect of the WCAB's ruling was to render meaningless the express words of the written agreement. We hold as a matter of law that the 1973 redemption was intended to settle all liability arising out of plaintiff's employment with Campbell. The agreement therefore bars plaintiff's 1977 petition.

Reversed.

R. M. Maher, J., concurred.

M. J. Kelly, P.J. *(dissenting).* Plaintiff, Willie Moore, was born on November 14, 1923. He began working for defendant foundry in 1946 and continued on the payroll through September of 1968 although many of the pleadings allege a last day worked of May 8, 1967. Plaintiff says compensation benefits were paid at the rate of $81 per week until the parties agreed to redeem the case on May 7, 1973. Defendants say the compensation benefits were paid at the rate of $69 a week. The rate of compensation is significant because the redemption settlement was an actuarial type settlement and mathematically would redeem either 5.7 years at the higher rate or 6.7 years at the lower rate. In either event, however, the redemption occurred when plaintiff was 49 years old and the reasons the parties gave for urging approval by the hearing officer were first and foremost the

plaintiff's desire to go back to work and second that the defendant employer couldn't or wouldn't allow him back in the plant.

It was the plaintiff's testimony that he first experienced breathing difficulties which resulted in hospitalization in February of 1977. This was almost nine years after his employment with defendant foundry had terminated. This is not to be confused with the actuarial redemption periods referred to above because the redemption took place about five years after the last day worked. The point I make is that it is not incredible to find as a matter of fact that the parties contemplated redeeming only the general disability from the back injury and did not contemplate a disabling pulmonary condition such as silicosis. In other words, I conclude that the Workers' Compensation Appeal Board reviewed the redemption agreement and administrative record and made findings of fact as to the parties' intent. The appeal board said:

"We are not convinced that plaintiff and defendant reached the kind of meeting of minds that would include all possible conditions (including yet-unknown ones) [citations omitted]. We reject preclusive effect of the redemption on further proceedings for a newly-discovered and dissociated (with back problems) condition * * *. The true intent of the redeeming parties, particularly in light of the previously-adjudicated work-related back condition, is fairly seen to have been a settlement of back conditions."

Given our limited review of decisions of the appeal board, Const 1963, art 6, § 28, I would affirm the finding of fact in this case that the redemption did not contemplate the unknown silicosis condition. But I would order remand for a determination of credit to be granted defendants

for the period of time commencing April 25, 1975, which would have been covered by the $24,000 redemption settlement of May 7, 1973. This in accord with the proposition that workers' compensation law does not favor double recovery. See *Thick v Lapeer Metal Products,* 419 Mich 342, 347; 353 NW2d 464 (1984).

It is not without trepidation that I cast this vote. I think the majority opinion is logical and coherent and it may be that my rejection of its result is impelled more by conjecture than by precedent. However, I have the uncomfortable foreboding that the rule of the majority would impose barriers against workers' claims not contemplated in the industry by workers, employers, insurance companies or attorneys. My brethren may say this plucks a surmise out of the shadows and I have no ringing response to that. The appeal board cited two of its own opinions, *Arnett v Cadillac Asphalt Co,* 1976 WCABO 770, and *Mosher v Willman Asbestos Co,* 1975 WCABO 213, and plaintiff cites another one, *Smith v Laro Coal & Iron,* 1980 WCABO 2169. A reading of these cases set against the briefs of the parties and the opinion of the appeal board repeatedly brings up the phrase which I suspect has become talismanic in these multifaceted cases. The phrase is "preclusive effect" and appears to test later claims by the separability of the physical injury (disease) or condition. *Smith v Laro Coal & Iron, supra,* is indistinguishable on its facts from this case: The back injury was redeemed and three years later a claim for benefits was filed based on a lung condition. The redemption was held to have no "preclusive effect at all on plaintiff's lung claim". The impact of the majority opinion on the board's use of this "preclusive effect" shibboleth will, I presume, have to be addressed by the board in subsequent opinions.

Defendants also argue on appeal that if we were to affirm the board, benefits payable on the silicosis claim should be limited under the one-year-back rule. MCL 418.833(1); MSA 17.237(833)(1). I would agree with the board on this issue and hold that the one-year-back rule does not apply since the second claim is for an entirely separate and unrelated injury (disease). Plaintiff does not seek "further compensation" under the terms of the statute. See *Martin v Somberg-Berlin Metals Co,* 407 Mich 737; 288 NW2d 574 (1980).

Finally, there is no doubt that a redemption agreement may be rescinded or set aside on the basis of fraud or mutual mistake and that the power to do so is equitable in nature, *Solo v Chrysler Corp (On Rehearing),* 408 Mich 345; 292 NW2d 438 (1980), and is thus outside the jurisdiction of the board, which does not possess equitable powers. *Sieman v Postorino Sandblasting & Painting Co,* 111 Mich App 710, 716; 314 NW2d 736 (1981). I note that the proper forum in which to attack a redemption agreement on this basis is in circuit court as was done in *MacDonald v Zinn Drywall,* 134 Mich App 270; 350 NW2d 864 (1984), and in *Solo, supra.* But see *Prater v Game Time, Inc,* 134 Mich App 669; 351 NW2d 882 (1984). It seems to me that in the absence of a legislative grant of jurisdiction the WCAB lacks the ability to set aside a redemption agreement based upon fraud or mutual mistake. I would rely upon MCL 400.821(2); MSA 17.237(821)(2) and the general grant of jurisdiction contained within MCL 418.841; MSA 17.237(841), and hold that the WCAB has jurisdiction over this claim to determine whether there has been a meeting of the minds in a redemption agreement which had been approved at a duly conducted hearing.

I would affirm.