**Ray QUADE, as Trustee of the Wendy's of West Michigan Health Benefit Plan, Plaintiff,**

v.

**David L. ANDERSON and John E. Hart, jointly and severally, Defendants.**

No. 1:92–CV–142.

United States District Court, W.D. Michigan, S.D.

June 11, 1993.

Stanley J. Stek, Dale R. Rietberg, Clary, Nantz, Wood, Hoffius, Rankin & Cooper, Grand Rapids, MI, for Ray Quade.

John E. Hart, City Atty., Manistee, MI, for David L. Anderson, an individual, jointly and severally, John E. Hart, an individual, jointly and severally, defendants.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

Pending before the Court are three motions for summary judgment filed by plaintiff[1] and one summary judgment motion filed by defendant Hart. In an Opinion dated January 26, 1993, 1993 WL 332666, this Court determined that plaintiff's motion for summary judgment should be denied with respect to Counts II and III of the complaint because the claims alleged a breach of fiduciary duty and the Court found that defendants were not fiduciaries. The Court also denied plaintiff's motion for summary judgment as to the cause of action alleged in Count IX of the complaint because plaintiff failed to address the count in its brief. The Court left open the question of whether summary judgment was appropriate as to Count VII of the complaint. Count VII alleged a breach of contract claim for violation of the parties' subrogation agreement. This Court denied plaintiff's motion but allowed the parties time to file briefs to discuss the law that should be applied to determine whether a breach of contract exists and whether a breach of contract indeed occurred under that law.

The Court instructed the parties to submit their briefs on or before March 1, 1993. Plaintiff filed a timely brief and, in addition, filed a motion requesting that this Court reconsider its decision to deny summary judgment on Counts II and III of its complaint and a motion for summary judgment as to Count I of its complaint. Defendants failed to submit any briefs in response to this Court's order, nor did they file responses to any of the briefs submitted by plaintiff. The only material this Court has received from defendants is their initial motion to dismiss, which this Court denied, and the motion for summary judgment filed shortly before this Court issued its January Opinion.

### I.

Defendant Anderson is an employee of Wendy's of West Michigan and is a member of its health benefit plan ("plan") which is established and maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The plan provides that if a covered person's injury results from a third party's negligence and if the covered person recovers against that party, the covered person must reimburse the plan for any benefits he or she receives from a judgment or settlement.

Anderson was injured in a hunting accident, and he incurred significant medical expenses as a result of that injury. To obtain

---

1. In the latest briefs filed by the plaintiff, the caption designates plaintiff's name as being Ray Quada. In all other pleadings, the name has been "Quade." There has been no explanation for this name change or a motion to amend the caption. The Court therefore leaves its caption unaltered.

health benefits, he was required to sign a subrogation agreement stating that he would reimburse the plan if he recovered from a third-party tortfeasor. At the same time, Anderson engaged defendant Hart as his attorney to pursue a claim against the third party whose conduct allegedly caused his injury. According to plaintiff, Hart drafted the subrogation agreement signed by Anderson which was a modification of the usual subrogation form the plan used. Plaintiff also maintains that a plan representative refused Hart's offer that the plan hire him to pursue the third-party claim.

The third party's insurance carrier eventually settled the case by paying a sum of $82,500.00 which it turned over to Hart. Hart set aside $15,737.00 for the agreed upon medicals paid by the plan. Hart retained one-third of the remaining sum as his contingency fee and tendered the rest to Anderson. Hart then contacted plaintiff and indicated he was prepared to deliver $10,491.50 (approximately two-thirds of the $15,737.00 he had set aside) but that he intended to keep the remaining sum as a contingency fee. Plaintiff maintained that defendants owed the plan the entire $15,737.00. Plaintiff maintains that the subrogation plan permitted Hart to deduct his attorney fee from the settlement before the plan was paid any money. Plaintiff alleges, however, that the agreement also mandated that the plan's reimbursement expenses be deducted from the remaining sum before defendant Anderson received any of the money. Plaintiff believes Anderson is entitled only to whatever money was left after attorney's fees and reimbursement expenses were paid.

## II.

■ Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted).

■ The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a material issue of fact on an issue which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■ Plaintiff contends that by failing to reimburse the plan for the full amount of the medical expenditures, Anderson breached the subrogation agreement. This Court has already determined that federal common law governs this cause of action. *See Quade v. Anderson,* File No. 1:92–CV–142, slip op. at 7, 1993 WL 332666 (W.D.Mich. Jan. 12, 1993).[2] The Court need not consider whether it should fashion common law by applying state law or whether other principles should govern. Under any analysis, plaintiff would be entitled to summary judgment.

The language of the subrogation agreement is clear and unambiguous. It states

2. Plaintiff argues that this Court could determine that this action is a state breach of contract action over which this Court may exercise pendant jurisdiction. This Court has already determined that ERISA generally preempts plaintiff's causes of action and that federal common law applies to this case. However, it notes that if it viewed the case as a state law breach of contract claim, it would reach the same result.

that if a party recovers from a third-party tortfeasor, the party's attorney's costs should be paid first and that the plan will then "look to any remaining amount of settlement, judgment or otherwise for reimbursement of covered medical expenses actually paid by the plan." Subrogation Agreement (Attached to both plaintiff and defendant's Motions for Summary Judgment). Under state law or any other principles that this Court might fashion, this language constitutes a requirement that the plan be fully reimbursed after attorney's fees are taken from the entire settlement. Such language precludes Hart's practice of first dividing the entire sum between his client and the plan and then recovering his fee from both halves of the whole.

 It is a general tenet of contract law that "contractual language should be interpreted according to its generally prevailing meaning." Restatement (Second) of Contracts § 202(3)(a) (1981). Michigan courts have also held that "where the language of an agreement is unambiguous, the meaning of the language is a question of law and the intent of the parties must be discerned from the words used in the instrument." *Moore v. Campbell, Wyant & Cannon Foundry*, 142 Mich.App. 363, 367, 369 N.W.2d 904, 906 (Mich.App.1985). Defendants have not submitted any argument or evidence of any alternate interpretation of the agreement. They have raised no arguments about invalidity or unenforceability. Unrebutted affidavit evidence shows that this clause was a specially negotiated modification of the general language used by the plan. Affidavit of Kate McGinn at ¶¶ 7 and 8. Separately negotiated terms are given greater weight than standardized terms. Restatement (Second) of Contracts § 203(d) (1981). Finally, plaintiff argues that it was defendant Hart who drafted the language in question. It is a cardinal rule of contract construction that a contract should be construed against the drafter. Restatement (Second) of Contracts § 206 (1981); *Central Jersey Dodge Truck Center, Inc. v. Sightseer Corp.*, 608 F.2d 1106, 1110 (6th Cir.1979). For all these rea-

sons, the Court finds that the contract should be enforced as written and grants plaintiff's motion for summary judgment as to Count VII of his complaint.

## IV.

 Thus the Court grants summary judgment as to Count VII of plaintiff's complaint.[3] In addition, plaintiff argues that this Court should reconsider its prior decision denying plaintiff's summary judgment motion as to Counts II and III of the complaint. Plaintiff argues that this Court should reconsider its decision because, among other reasons, defendants admitted that they were plan fiduciaries. Plaintiff did not draw defendants' admissions to the Court's attention prior to its initial decision. Parties and the Court are generally bound by party admissions. *See e.g. Missouri Housing Development Com'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir.1990); *PPX Enterprises, Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2nd Cir. 1984). Based on these admissions, the Court finds that defendants were plan fiduciaries. Furthermore, the Court finds that the uncontroverted facts show that defendants' breached their fiduciary duty. The Court therefore grants plaintiff's motion for reconsideration. The Court stresses that its decision is based solely upon defendants' admissions.

In light of these rulings, all other counts in plaintiff's complaint are dismissed as moot. Defendant Hart's motion for summary judgment on defendants' counterclaim is denied. Defendants' counterclaim appears to assert an equitable argument that plaintiff has deprived defendant Hart of his "fair share" of the recovery. Counterclaim at ¶ 10. Hart asserts that he is entitled to summary judgment on this claim because Michigan case law make clear that "if the benefits are shared, so is the burden." Defendants' Motion for Summary Judgment For Attorney Fees at 4. Assuming that this is generally the law in Michigan, defendants have submitted no evidence to counter plaintiff's showing that this general rule was modified by con-

---

3. This Court's prior opinion denied plaintiff's original motion for summary judgment, including its motion as to Count VII. For clerical reasons, the Court treats plaintiff's supplemental brief on the breach of contract issue as a renewed motion for summary judgment as to Count VII of his complaint.

tractual agreement. Defendant's Summary Judgment motion must therefore be denied and the counterclaim must be dismissed.[4]

## V.

For the reasons stated above, the Court grants plaintiff's motion for summary judgment as to Count VII of the Complaint. The Court also grants plaintiff's motion for reconsideration of Counts II and III of his complaint and enters summary judgment in favor of plaintiff as to those counts.

---

**4.** By dismissing the counterclaim, the Court in fact enters summary judgment for the nonmoving party. *See* 6 Moore's Federal Practice ¶ 56.12 and cases cited therein.