McELMURRY v NINE

Docket No. 77-4994. Submitted October 10, 1978, at Lansing.—Decided February 27, 1979.

Leland R. McElmurry brought an action for damages against defendants Paul L. Nine and the Law Offices of Paul L. Nine charging the defendants with legal malpractice. The Ingham Circuit Court, Ray C. Hotchkiss, J., granted the defendants' motion for accelerated judgment based on a mutual general release signed by the plaintiff and defendant Paul L. Nine following institution of the suit. Plaintiff appeals. *Held:*

1. The trial court did not err in determining that the release was fairly and knowingly made.

2. The release was not unenforceable for lack of consideration since the settlement of the parties' respective disputed claims furnished good consideration.

Affirmed.

1. APPEAL AND ERROR — FINDINGS OF FACT — LEGAL MALPRACTICE — WITNESSES — CREDIBILITY.

A trial judge's findings of fact in a suit charging legal malpractice are given considerable weight on review since the trial judge is in a better position to test the credibility of the witnesses.

2. RELEASE — VALIDITY.

A release must be fairly and knowingly made in order to be valid.

3. RELEASE — ATTORNEY AND CLIENT — LEGAL MALPRACTICE — CONSIDERATION — SETTLEMENT AS CONSIDERATION.

A general release signed by the plaintiff and defendant, following institution of a suit charging legal malpractice, is not without adequate consideration where the settlement of the parties' respective disputed claims furnishes good consideration.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 66 Am Jur 2d, Release § 30.
[3] 17 Am Jur 2d, Contracts § 92 *et seq.*
   66 Am Jur 2d, Release § 8.

*Lavey & Taber,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs* and *Charles T. Mc-Gorisk),* for defendants.

Before: M. F. Cavanagh, P.J., and D. E. Holbrook, Jr., and N. J. Kaufman, JJ.

Per Curiam. Plaintiff filed suit charging the defendants with legal malpractice and seeking damages therefor. Defendants filed a motion for accelerated judgment. The basis for this motion was a mutual general release signed by the plaintiff and defendant, Paul L. Nine, following institution of this suit. The release referred specifically to the instant litigation.

At the hearing on the motion the defendants argued that the release was an absolute bar to the action. Plaintiff countered that defendant had violated the Code of Professional Responsibility by contacting plaintiff directly and inducing him to sign the release and that this conduct constituted fraud and duress. Plaintiff also argued that the defendant made certain false representations to the plaintiff which induced him to sign the release, including that the defendant would be financially ruined by the litigation, that he had never been sued for malpractice at any prior time, and that such litigation would adversely affect the plaintiff's business relationship with a business partner of the defendants. Plaintiff argued, therefore, that the release was obtained by fraud and duress. It was lastly urged by plaintiff that the release must fail for want of adequate consideration.

The trial court, after considering the foregoing arguments, granted accelerated judgment for defendants. Plaintiff now appeals by right.

We have reviewed the record and briefs and have given, as we must, considerable weight to the trial court's findings. *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969). We concur in its determination that the release was "fairly and knowingly" made. See *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957), and *Farwell v Neal,* 40 Mich App 351, 355; 198 NW2d 801 (1972).

Lastly, plaintiff's suggestion that the release was unenforceable for lack of consideration is without merit. The settlement of the parties' respective disputed claims furnishes good consideration. 6 Michigan Law & Practice, Contracts, § 58, p 319. See also MCL 566.1; MSA 26.978(1).

Affirmed. Costs to appellees.