LEWIS v AETNA CASUALTY & SURETY COMPANY

Docket No. 54644. Submitted June 23, 1981, at Detroit.—Decided
September 8, 1981.

Jean Lewis brought an action against the Aetna Casualty &
Surety Company seeking personal injury protection benefits
under a no-fault insurance policy. The defendant moved for
accelerated judgment on the ground that the claim was barred
by a release, which motion was granted and accelerated judg-
ment entered, Wayne Circuit Court, Michael L. Stacey, J. The
plaintiff appeals, alleging that the release is void as being
contrary to statute and public policy. *Held:*

The trial court properly granted the defendant's motion. The
plaintiff voluntarily executed the release which, unlike an
assignment of future benefits, is not prohibited by the no-fault
act; nor is it contrary to the public policy expressed in the act.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT ACT — ASSIGNMENT OF
   BENEFITS — STATUTES.

   An agreement for assignment of personal protection benefits
   under the no-fault act payable in the future is void (MCL
   500.3143; MSA 24.13143).

2. INSURANCE — AUTOMOBILES — NO-FAULT ACT — RELEASE OF
   CLAIMS — ASSIGNMENT OF BENEFITS — STATUTES.

   A release of past, present, and future claims arising out of
   injuries incurred in an automobile accident is not the equiva-
   lent of an assignment of benefits and is not prohibited under
   the no-fault act; nor is it contrary to the public policy expressed
   in the act (MCL 500.3143; MSA 24.13143).

3. INSURANCE — AUTOMOBILES — NO-FAULT ACT — CONTESTED CLAIMS
   — STATUTES.

   A no-fault insurer need not pay a claim submitted under a policy

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 7 Am Jur 2d, Automobile Insurance § 357.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[2, 5, 6] 7A Am Jur 2d, Automobile Insurance § 439.
[4] 7 Am Jur 2d, Automobile Insurance §§ 345, 357.

without reviewing the claim for lack of coverage, excessiveness, or fraud, and where a reasonable dispute as to coverage or the amount of benefits exists, the insurer may contest the claim under the act without penalty (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

4. INSURANCE — AUTOMOBILES — NO-FAULT ACT — ACTIONS — INTEREST — ATTORNEY FEES — STATUTES.

A claimant who prevails in an action for recovery of benefits under a no-fault insurance policy as submitted may be awarded interest and attorney fees where the insurer's refusal to pay was unreasonable (MCL 500.3142, 500.3148; MSA 24.13142, 24.13148).

5. INSURANCE — AUTOMOBILES — NO-FAULT ACT — RELEASE OF CLAIMS — APPEAL.

The Court of Appeals will not review a claimant's decision to execute a release of benefits payable under the provisions of a no-fault insurance policy where the record reveals that the release was based on a tactical judgment.

6. RELEASE — RESCISSION — TENDER.

A party seeking to rescind a release agreement must tender back the amount paid in settlement, and where no tender has been made, the agreement will be permitted to stand.

*Barr & Walker,* for plaintiff.

*Collins, Einhorn & Farrell* (by *Brian Einhorn* and *Noreen L. Slank),* for defendant.

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

PER CURIAM. Plaintiff appeals the trial court's order granting accelerated judgment to defendant on the ground the claim was barred by a release. GCR 1963, 116.1(5).

Plaintiff was involved in an automobile accident in 1974. She applied for and received personal injury protection benefits from defendant, her no-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fault insurer. About six months later, defendant discontinued payment of the benefits, allegedly due to the opinion of plaintiff's doctor that she was able to return to work.

Plaintiff did not return to work, and she continued treatment with the physician. She commenced an action against defendant in the Common Pleas Court for the City of Detroit, seeking reimbursement for medical expenses and wage losses accrued at that time. The jury awarded plaintiff $7,400.

Subsequently, plaintiff continued to incur additional medical expenses and wage losses. Defendant refused to honor those claims. Another lawsuit was commenced against defendant. The suit was settled for $20,000. Plaintiff signed a release for past, present, and future claims arising out of the 1974 accident.

Plaintiff allegedly continued to incur expenses due to the accident. She commenced the present lawsuit. The trial court granted defendant's motion for accelerated judgment on the basis of the releases signed by the plaintiff.

Plaintiff raises one issue on appeal. She asserts that the release of future benefits is void as being contrary to the no-fault insurance statute, MCL 500.3143; MSA 24.13143, and as being contrary to public policy.

MCL 500.3143; MSA 24.13143 states:

"An agreement for assignment of a right to benefits payable in the future is void."

The clear language of the statute indicates that it applies to assignments. An assignment is not a release. We have no authority or desire to expand upon the plain language of the statute to include

releases in the prohibition. Thus, the trial court correctly ruled that the statute is inapplicable to the case at bar.

Plaintiff also argues that the release is void as being against public policy. She argues that the no-fault statutory scheme was designed to provide insureds with adequate and prompt reparation for losses resulting from motor vehicle accidents. Consequently, insurers should not be adversaries of claimants, but rather mere distributors of benefits.

While it is true that the purpose of the no-fault act is to provide insureds with assured, adequate, and prompt compensation for losses, *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), the act is replete with references to contested claims. *Cf.* §§ 3112, 3142, 3145, 3148, 3151. Reading the act as a whole, it is clear that the Legislature did not intend for no-fault insurers to pay all claims submitted without reviewing the claims for lack of coverage, excessiveness, or fraud. Where a reasonable dispute exists as to coverage or the amount of benefits owing, the insurer is allowed to contest the claim under the act without penalty. See *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251; 282 NW2d 794 (1979), *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701; 299 NW2d 370 (1980), *Swanson v Citizens Ins Co,* 99 Mich App 52; 298 NW2d 119 (1980).

Thus, plaintiff's argument that insurers are required to merely process and pay claims without reasonably challenging their validity lacks support in the act or under case law.

Plaintiff argues that she was forced to settle the second lawsuit and sign the release because it was an "all or nothing" proposition. In the second lawsuit, which resulted in the release at issue,

defendant contested some of the claim because the plaintiff allegedly included expenses incurred from an unrelated illness. If, indeed, plaintiff was seeking excessive benefits, the release was the *quid pro quo* for defendant's payment of those benefits. On the other hand, if plaintiff had prevailed at trial in proving that she deserved reimbursement for all the claim as submitted, she could have received interest and attorney fees under the act for defendant's unreasonable refusal to pay. See MCL 500.3142, 500.3148; MSA 24.13142, 24.13148. It was plaintiff's choice to settle the dispute and sign the relase, a tactical judgment which this Court will not review.

We find the use of a release of future benefits in settlement of a reasonably disputed claim does not constitute a course of conduct which is cruel or shocking to the average man's conception of justice. Consequently, plaintiff's public policy argument is without merit. *Skutt v City of Grand Rapids,* 275 Mich 258, 264; 266 NW 344 (1936).

Finally, we note that plaintiff apparently has not tendered the $20,000 settlement to defendant, a necessary step in seeking rescission of the release. See *Chapman v Ross,* 47 Mich App 201; 209 NW2d 288 (1973).

Affirmed. Costs to defendant.