HARRIS v MID-CENTURY INSURANCE COMPANY

Docket No. 53183. Submitted November 3, 1981, at Detroit.—Decided April 22, 1982.

Ann B. Harris was injured in an automobile accident on July 8, 1976. Mid-Century Insurance Company paid medical expenses under the no-fault automobile insurance policy issued to Harris but denied the claim for wage loss benefits filed by Harris. On September 2, 1977, plaintiff commenced an action to recover wage loss benefits in Detroit Common Pleas Court. On that date, the unpaid wage loss benefits amounted to approximately $6,000, plus interest and attorney fees. The common pleas court action progressed to trial on March 5, 1980. Since by that date the unpaid benefits had grown to an amount well in excess of the $10,000 jurisdictional limit of the common pleas court, plaintiff requested an adjournment so that she might file a motion requesting that the action be transferred to the circuit court. Plaintiff did not file that motion but rather filed a duplicate action in Wayne Circuit Court alleging wage losses of $18,000, interest of $8,000 and attorney fees of $10,000. Plaintiff requested consolidation of the common pleas action with the circuit court action. Defendant moved for accelerated judgment in circuit court on the grounds of the expiration of the one-year statute of limitation and one-year relation back provision contained in the no-fault act and of the pendency of another action between the parties involving the same claim. John H. Hausner, J., held that he had no authority to consolidate the district court action with the circuit court action and granted defendant's motion for accelerated judgment. Plaintiff appeals. *Held:*

Since at the time plaintiff was compelled to bring her action by reason of the operation of the temporal limitations contained in the no-fault automobile insurance act her claim was insufficient to permit her to plead the $10,000 jurisdictional amount necessary to commence her action in circuit court and

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 86.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 361.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

the delay in bringing the matter to trial in common pleas court meant that her claimed damages on the date of the scheduled trial exceeded the jurisdictional limit of the common pleas court, the interests of justice require that plaintiff be permitted to consolidate the actions in circuit court.

Reversed and remanded.

1. STATUTES — COURT RULES — JUDICIAL CONSTRUCTION.

The provisions of a court rule control where there exists a conflict between the provisions of a court rule and the provisions of a statute.

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — WAGE LOSS BENEFITS — ACCRUAL OF CLAIM.

Wage loss benefits accrue and become payable under the personal protection benefits provisions of the automobile no-fault insurance act upon the date that the claimant is unable to appear for work; accordingly, the determination of the amount of a claim in a lawsuit for recovery of wage loss benefits for the purpose of establishing a court's jurisdictional limits is based on the amount of wage losses which occurred on or before the date the suit is filed (MCL 500.3107, 500.3142; MSA 24.13107, 24.13142).

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — WAGE LOSS BENEFITS — COURTS.

Justice requires that a suit claiming wage loss benefits under the personal protection benefits provisions of the automobile no-fault insurance act filed in common pleas court be consolidated with a similar suit in circuit court claiming those wage loss benefits in excess of the $10,000 jurisdictional limit of the common pleas court since the statutory temporal limitations relative to the filing of a claim for such benefits coupled with the jurisdictional limits of both the common pleas court and the circuit court would otherwise leave a claimant without any adequate judicial means of seeking recovery of all of his or her wage loss benefits.

*Posner, Posner & Posner,* for plaintiff.

*David G. Johnson,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and P. E. DEEGAN,* JJ.

PER CURIAM. Plaintiff appeals a circuit court decision denying her motion to consolidate and granting defendant's motion for accelerated judgment.

Plaintiff was injured in an automobile accident which occurred on July 8, 1976. Pursuant to plaintiff's policy of automobile no-fault insurance with defendant, defendant paid all of plaintiff's medical expenses. However, defendant denied plaintiff's claim for wage loss benefits. Plaintiff filed suit in Detroit Common Pleas Court on September 2, 1977. At this point in time the unpaid benefits amounted to approximately $6,000, plus interest and attorney fees.

The common pleas court action progressed to trial and on March 5, 1980, the parties appeared in that court. The unpaid benefits and attorney fees had by this time grown to an amount well in excess of the $10,000 jurisdictional limit of common pleas court. Plaintiff requested an adjournment so that she might file a motion requesting that the action be transferred to the circuit court.

Plaintiff did not file the motion but instead filed a duplicate action in circuit court on April 17, 1980. The complaint alleged that the amount then due, including $18,000 wage loss, $8,000 interest and $10,000 attorney fees, amounted to approximately $36,000. The prayer for relief sought judgment in excess of $10,000 and requested consolidation of the common pleas action with the circuit court action.

Defendant moved for accelerated judgment on two grounds, 1) the expiration of the one-year

---

* Circuit judge, sitting on the Court of Appeals by assignment.

statute of limitations and the one-year-back provision of MCL 500.3145(1); MSA 24.13145(1) and, 2) the pendency of another action between the parties involving the same claim, GCR 1963, 116.1(4). Plaintiff responded with a motion to consolidate the two actions in the circuit court.

After hearing arguments on the motions the trial judge ruled that he did not have the authority to consolidate a case from another court. He then granted defendant's motion for accelerated judgment. This appeal followed.

Plaintiff claims she is caught in a "catch-22" situation. In order to preserve her right to all benefits due under the no-fault act she must file suit no later than one year after the date of the accident. MCL 500.3145; MSA 24.13145. Since she earns less than $10,000 per year she is unable to claim damages in excess of the $10,000 jurisdictional minimum of the circuit court even if she files on the last day before the one year is up. Accordingly, she must file suit in common pleas court. By the time the case comes to trial her damages have grown to an amount beyond the power of common pleas court to award. At this point, if she dismisses her suit in common pleas court and files a separate suit in the circuit court she is prohibited by the one-year-back rule from recovering benefits for any portion of the loss incurred more than one year before the date the second suit is filed. Further, this assumes that the defendant will even agree to a dismissal of the common pleas action without prejudice under DCR 504.1(1).

Defendant claims that plaintiff is the author of her own troubles and in this regard presents two arguments. First, defendant contends that at the time plaintiff filed suit in common pleas court her

damages were sufficient to vest jurisdiction in the circuit court. Having elected to file in common pleas court she is bound by her decision.

This argument is premised upon MCL 728.1; MSA 27.3651, which states that common pleas court has concurrent jurisdiction with the circuit court in cases involving damages between $5,000 and $10,000.[1] Plaintiff's damages at the time she filed suit were greater than $5,000. Thus, it is claimed that she could have filed in circuit court.

Initially, we note that the statute upon which defendant relies concerns itself with delimiting the jurisdiction of the common pleas court, not the jurisdiction of the circuit court. Furthermore, even were we to assume that the statute purports to vest jurisdiction in the circuit court, it is not controlling. The law is well established on this point. Where a statute conflicts with a court rule, the court rule controls. *In re Nathan,* 99 Mich App 492; 297 NW2d 646 (1980), *People v Walker,* 84 Mich App 700, 702-703; 270 NW2d 498 (1978), *People v Parney,* 74 Mich App 173, fn 2; 253 NW2d 698 (1977), and cases cited therein. See also GCR 1963, 16. GCR 1963, 111.1(2), which deals with pleading in the circuit court, states that where the pleader seeks money damages, a statement that the amount exceeds $10,000 must be pled. Plaintiff could not plead $10,000 in damages at the time she filed suit. Therefore, under the court rules, plaintiff could not have brought her

---

[1] The relevant portion of the statute reads as follows:

"The common pleas court shall have and exercise concurrent jurisdiction with the circuit court of the county in which the common pleas court is located in all civil actions, including actions of libel and slander, now cognizable in the circuit court wherein the debt or damages do not exceed $10,000.00. * * * The common pleas court shall have exclusive jurisdiction in all civil actions, including libel and slander, wherein it shall otherwise have jurisdiction and wherein the debt or damages do not exceed $5,000.00."

suit in the circuit court initially, any statute to the contrary notwithstanding.

Defendant states its second argument as follows:

"Plaintiff, at the time of filing the action on September 2, 1977 knew whether or not plaintiff had returned to work, knew the status of the alleged personal injury, and should have known that plaintiff would continue to claim a wage loss for a period of time in excess of that needed to raise damages above the $10,000.00 maximum jurisdiction of the Common Pleas Court."

Essentially defendant claims that plaintiff's attorney did a poor job of evaluating plaintiff's claim. This argument erroneously assumes that the no-fault act permits claimants to file an action for PIP benefits (personal protection insurance) before they have become due under the act.

Section 3145 of the act indicates that an action may be brought for benefits "payable" under the act. PIP benefits are "payable" as loss "accrues". MCL 500.3142; MSA 24.13142. The act specifically provides that PIP benefits payable "accrue not when the injury occurs but as the allowable expense, work loss or survivor's loss is incurred". MCL 500.3110(4); MSA 24.13110(4).

In *Adkins v Auto-Owners Ins Co,* 105 Mich App 431; 306 NW2d 312 (1980), the Court addressed the meaning of the term "incurred" as used in that section of the act dealing with PIP benefits payable for survivor's loss. These benefits include "expenses * * * reasonably incurred". The Court held that "incurred" was comparable to "become liable for". Therefore, the plaintiff was allowed to recover only for those expenses documented by cancelled checks and not her estimate of the value . of her husband's services.

Work loss under the act consists of loss of in-

come from work an injured person would have performed if he had not been injured plus certain expenses. MCL 500.3107; MSA 24.13107. This type of loss cannot be "incurred" under the act unless and until the claimant does not show up for work on any particular day.

Accordingly, at the time plaintiff filed her suit in common pleas court she could not claim damages which would include an estimate of how long she would be off work in the future because such loss had not yet been incurred.[2] See SJI2d 67.02.[3] Thus, defendant's second argument fails.

The Legislature's choice of terms in the no-fault act appears to have been tailored for the undisputed case. Where a claim for PIP benefits is disputed, the claimant's ability to obtain complete relief turns on the speed of the court docket or the mercy of defense counsel.

For example, if the instant plaintiff's case had come to trial shortly after the filing of the complaint, plaintiff's damages would have been less than $10,000 and plaintiff could have received complete relief in common pleas court. See *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136; 311 NW2d 317 (1981) (first suit for PIP benefits was brought in common pleas court). On the other hand, if the common pleas court docket moves too slowly, as must have occurred here, the plaintiff's

---

[2] This does not mean that the parties may not enter into a settlement agreement in which plaintiff expressly releases his right to benefits payable in the future. See *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136; 311 NW2d 317 (1981).

[3] SJI2d 67.01 states in part:

"QUESTION No. 6: If your answer to Question No. 5 is 'yes', what is the total amount of plaintiff's work loss?

"*(Note:* To be computed at 85 percent of plaintiff's loss of income, not to exceed $_____ for any thirty-day applicable monthly maximum period. Also, *loss of income may not be awarded beyond [trial date/third anniversay date of accident].)*

"Answer: $_____" (Emphasis supplied.)

accrued benefits exceed $10,000 by the time the case goes to trial. This occurred in *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636; 302 NW2d 260 (1981). The plaintiff therein commenced suit in common pleas court for overdue PIP benefits. By the date of trial, the amounts allegedly owed the plaintiff exceeded the jurisdictional maximum of $10,000. By agreement of the parties the common pleas action was adjourned and consolidated with a circuit court action. The plaintiff thereafter commenced an action for the benefits in circuit court.

We do not believe that claimants of PIP benefits should be placed in a position in which they must choose their forum based upon a guess at how quickly the court's docket will move. Nor should their right to receive complete relief under the no-fault act depend on defense counsel's agreement or refusal to stipulate to consolidation. Under these circumstances we hold that the circuit court must allow consolidation of the common pleas action with the circuit court action in the circuit court.

Although this remedy is not expressly authorized by the court rules,[4] the unique jurisdictional problem created by the scheme of the no-fault act mandates consolidation. Moreover there does not appear to be a constitutional impediment to consolidation of cases from two separate courts. By statute the Legislature has authorized consolidation of Court of Claims cases with cases in the circuit court. MCL 600.6421; MSA 27A.6421. See *Stricker v Dep't of State Highways,* 96 Mich App

---

[4] GCR 1963, 505.1 states:

"Consolidation. When actions involving a substantial and controlling common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

505; 292 NW2d 240 (1980). Finally, we believe consolidation is necessary in the interests of justice.

This opinion should not be taken as authorization for consolidation of cases from different courts other than cases involving PIP benefits. The step taken here was necessary because of the particular method created by the Legislature for providing payment of PIP benefits. A similar method is used for the payment of workers' compensation benefits. See MCL 418.801; MSA 17.237(801). However, no comparable jurisdictional problem is encountered there because all disputed cases are submitted to an administrative tribunal which has exclusive jurisdiction over all such claims. In the present case, the Legislature appears not to have considered the collateral effect of such a scheme in the context of our court system. Consolidation must be made available to claimants of PIP benefits until such time as the Legislature remedies the situation.

Reversed and remanded for proceedings consistent with this opinion.