**Herbert L. HILL, Plaintiff,**

v.

**TERMINIX INTERNATIONAL, INC., a Tennessee corporation, Defendant.**

**Civ. A. No. 85–CV–72909–DT.**

United States District Court, E.D. Michigan, S.D.

Sept. 26, 1985.

---

Kenneth A. Skronek, Dietrich & Cassavaugh, Detroit, Mich., for plaintiff.

Robert M. Vercruysse, Butzel, Long & Van Zile, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, Chief Judge.

Plaintiff, Herbert Hill, has sued defendant, Terminix International, Inc., in a four-count Complaint alleging breach of an implied employment contract, wrongful employment termination, and breach of an implied covenant of good faith and fair dealing in the employment contract. The Complaint was originally filed in Wayne County Circuit Court, and defendant removed the action to this Court. Jurisdiction is based on 28 U.S.C. § 1332, there being complete diversity between the parties.

The matter before me is defendant's Motion for Summary Judgment or to Dismiss. The primary argument upon which defendant relies is that plaintiff signed a release which allegedly covers the claims in this suit. The release reads as follows:

*Release and Waiver of Seniority*

Whereas HERBERT HILL has filed a claim under the Workmen's Compensation Act for injury alleged to have resulted from his employment, and whereas the employer, TERMINIX INTERNATIONAL, has denied liability, the undersigned, HERBERT HILL, in consideration of a settlement of this claim through redemption proceedings with the Bureau of Worker's Disability Compensation, does hereby voluntarily quit his employment with the [sic] TERMINIX INTERNATIONAL, waives any and all seniority rights he may have and releases any claim he may have for re-employment based upon such seniority rights.

[HERBERT HILL]
HERBERT HILL
(SS# 901–29–8182)
WITNESS: [GEORGE CASSAVAUGH]
DATED: [5/28/1985]

Defendant's Exhibit A, p. 3. Defendant also submitted an affidavit from Bill G. Young, personnel director for defendant, which stated that plaintiff executed the release pursuant to a $35,000 settlement in redemption proceedings before the Michigan Bureau of Worker's Disability Compensation. Defendant's Exhibit A, p. 1. Plaintiff has not disputed the authenticity of the release or the averment that the release was executed pursuant to a $35,000 settlement.

Defendant has cited authority for the proposition that a release is a complete bar to suit. *See Williams v. Metoyer*, 46 Mich. App. 573, 577–78, 208 N.W.2d 653 (1973) (release is bar to suit); *McElmurry v. Nine*, 89 Mich.App. 290, 279 N.W.2d 301 (1979) (release is bar to suit); *LaBeach v. Beatrice Foods Co.*, 461 F.Supp. 152, 157 (S.D.N.Y.1978); *Horgan v. Industrial Design Corp.*, 657 P.2d 751, 753 (Utah 1982). Plaintiff, however, argues that the cases are inapposite because they address preclusion of subsequent suits that are identical to the earlier suit in which the release was executed. Plaintiff distinguishes this case because the earlier suit was different than the suit before me, i.e. the earlier suit was a Worker's Compensation claim and the suit before me is a wrongful termination claim.

Plaintiff further argues that this case should be analogized to *Slayton v. Michigan Host, Inc.*, 122 Mich.App. 411, 332 N.W.2d 498 (1983). In *Slayton*, plaintiff, Donna Slayton, was employed by defendant, Michigan Host. In January, 1979,

Slayton and a number of her co-workers filed a suit in federal court alleging sexual harassment. In November, 1979, Slayton sought Worker's Disability Compensation benefits for injuries caused by work-related falls. In October, 1980, the Worker's Compensation claim was redeemed. Slayton released Michigan Host from any and all liability under the Worker's Compensation Act for all injuries or occupational diseases; she also voluntarily quit her employment and waived any and all seniority rights she might have had.

In January, 1981, Slayton brought an action against Michigan Host and two of her former supervisors at Michigan Host alleging that they forced her to quit her job in retaliation for the earlier filed federal sex discrimination suit. Defendants moved for summary judgment on the ground that the remedy Slayton sought was only available to her in a Worker's Disability Act action, and she had waived her rights under that act. The trial court granted the motion.

The Court of Appeals held that Slayton's discrimination claim did not merge with her Worker's Compensation Act claim. The case was reversed and remanded to the lower court. The last sentence of the Opinion, however, is particularly interesting in applying the teachings of *Slayton* to this case.

> We direct the court's attention to the agreement made between the plaintiff and defendant Michigan Host as under the agreement the plaintiff may have waived some of her claims with respect to defendant Michigan Host.

122 Mich.App. at 417, 332 N.W.2d 498. These instructions to the trial court indicate to me that the release might preclude some of Slayton's employment discrimination claims even though the release was for a Worker's Compensation claim. The dispositive factor is whether the language of the release is broad enough to encompass the employment claim.

I must make the same inquiry in this case—is the language of the Worker's Compensation release broad enough to encompass plaintiff's employment termination claims? I hold that the language of the release does cover plaintiff's claims and that plaintiff is accordingly precluded from continuing this lawsuit. The gravamen of plaintiff's Complaint is that he was wrongfully terminated and that defendant breached certain contractual duties in such termination. Under the terms of the release, however, plaintiff "voluntarily quit ... and waive[d] any and all seniority rights" in consideration for a $35,000 settlement of his Worker's Compensation claim. The release was witnessed by George Cassavaugh, plaintiff's attorney in the Worker's Compensation case, and plaintiff has not asserted that he entered the release under duress or other extenuating circumstances.

Accordingly, defendant's Motion for Summary Judgment IS HEREBY GRANTED. An appropriate order shall be submitted.