**Roger W. KREIMEYER, et al., Plaintiffs,**

v.

**HERCULES INC., a Delaware corporation, and Jon Peterson, Defendants.**

No. 92–NC–088S.

United States District Court, D. Utah, Northern Division.

July 28, 1994.

Fred R. Silvester, Silvester & Conroy, L.C., Salt Lake City, UT, Claudia F. Berry, J. Michael Hansen, Mark R. Gaylord, Charles P. Sampson, Suitter, Axland & Hanson, Salt Lake City, UT, William K. Nash, Richard E. Malmgren, W. Robert Wright, Holme Roberts & Owen, Salt Lake City, UT, Evan A. Schmutz, Hill Harrison Johnson & Schmutz, Provo, UT, Lawrence R. Dingivan, Purser Edwards & Shields, Salt Lake City, UT, for plaintiffs.

Keith E. Taylor, David A. Anderson, Michael A. Zody, W. Mark Gavre, Lois A. Baar, Parsons Behle & Latimer, Salt Lake City, UT, Brent H. Shimada, Hercules Inc. Bacchus Works, Magna, UT, John M. Crane, Jr., Brent E. Zepke, Hercules, Inc., Wilmington, DE, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST GERALD J. HASLIP

SAM, District Judge.

This age discrimination action came before the court on the defendants' motion for summary judgment against one of the 65 plaintiffs, Gerald J. Haslip ("Haslip"). For reasons discussed more fully below, the motion is granted.

### I. Background

The plaintiffs assert two causes of action against the defendants for terminating their employment. Count I is for "age discrimination." (Third Amended Complaint at 49.) The plaintiffs allege that:

> Defendants' decision to terminate the employment of each of the plaintiffs was based on the plaintiffs' age at the time of termination ...

(Third Amended Complaint, ¶ 271). Count II is for "breach of contract/wrongful termination." *Id.,* ¶ 1. The plaintiffs allege that certain "provisions of the employment manual and employment contract were not properly followed by defendants at the time of plaintiffs' termination." *Id.,* ¶ 278.

As to Haslip, the plaintiffs specifically allege:

> He was employed by Hercules from 1966 to 1991, a total of 25 years. Haslip's employment was terminated by defendants on or about August 6, 1991. At the time of his termination in 1991, Haslip worked as a Technical Manager II in Hercules' Magna facility.
>
> .    .    .    .    .
>
> Haslip was 55 years old when he was terminated by defendants.

*Id.,* ¶¶ 117 & 120.

The defendants argue that they are entitled to summary judgment on both of these claims as to Haslip because he was not terminated but voluntarily quit.

### II. Standards for summary judgment

Summary judgment is proper where the pleadings and other documents of record "show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

A party seeking summary judgment always bears the initial burden of identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, once the moving party has carried its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed. R.Civ.P. 56(e)). The nonmoving party may not merely rely on the pleadings but must *"make a sufficient showing to establish the existence of an element essential to that party's case,* and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552 (emphasis added).

All material facts asserted by the moving party are deemed admitted unless specifically controverted by the opposing party. D.Utah R. 202(b)(4). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### III. Material facts

The material, undisputed facts set forth in the parties' memoranda, may be summarized as follows:

1. Haslip worked for the defendant Hercules, Inc. ("Hercules") for 25-½ years. During the last few years of his employment, he worked as a Technical Manager 2 in Space and Technology Programs.

2. He reported to Bill Matthews ("Matthews"), Manager of Space and Technology Programs.

3. In January 1990, Haslip took two weeks off work to visit his mother in Montana. When he returned, he found that a

younger employee, Peter May, had replaced him in the job that Haslip had been doing.

4. At that time, Haslip was 53 years old; Peter May was 32 years old.

5. Haslip's work was fully satisfactory, but he was not given any new, significant assignments after January 1990.

6. On July 31, 1991, Matthews signed an "Advance Notice of Personnel Separation/Transfer" which indicated that Haslip's employment with Hercules was being terminated as part of a reduction in force. (Ex. D to memorandum in opposition to motion for summary judgment.)

7. On August 5, 1991, Matthews informed Haslip that he could transfer to a position as a Subcontract Manager 2 in Air Force Programs or his employment would be terminated.

8. As a Technical Manager 2, Haslip made $5,657 per month. As a Subcontract Manager 2, he would have earned $5,415 per month—a decrease of 4.3%.

9. Haslip objected to the cut in pay. He informed E.L. Swanson, a Hercules employee in Human Resources, that he was willing to transfer to the new job but would not accept a cut in pay.

10. Haslip last worked for Hercules on August 6, 1991.

### IV. Discussion

#### A. ADEA claim

Claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621–634, are "subject to the same indirect method of proof used in Title VII cases alleging discriminatory treatment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 770 (10th Cir.1988). For the indirect method of proof, plaintiffs must present a *prima facie* case of employment discrimination and show that any legitimate nondiscriminatory reasons the employer gave for its actions are merely pretexts for age discrimination. *Id.*

To prove a *prima facie* case of age discrimination, a plaintiff generally must show that he was "(1) within the protected age group; (2) adversely affected by the defendant's employment decision; (3) qualified for the position at issue; and (4) replaced by a person outside the protected

group." *Id.* In the context of a discharge or termination from employment, the elements may be stated as follows:

(1) [plaintiff] is within the protected age group, (2) he was doing satisfactory work, (3) *he was discharged* despite the adequacy of his work, and (4) his position was filled by a person younger than he.

*Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988) (emphasis added; quoting *Cockrell v. Boise Cascade Corp.*, 781 F.2d 173, 177 (10th Cir.1986)).

The facts in this case show that Hercules offered Haslip the choice of a transfer or a termination. Instead of accepting the offer and cut in pay associated with it, Haslip chose to be terminated. His termination was clearly the consequence of his own, voluntary decision.

Haslip does not argue that the termination in these circumstances amounted to a constructive discharge. To show a constructive discharge, he would need to establish that a "reasonable [person] would view the working conditions as intolerable." *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir. 1986) (quoting *Irving v. Dubuque Packing Co.*, 689 F.2d 170, 172 (10th Cir.1982)). The offer of a transfer with a slight pay decrease does not make working conditions "intolerable," particularly in the context of a large-scale reduction in force. *See McCann v. Litton Sys., Inc.*, 986 F.2d 946, 952 (5th Cir.1993) (an option to retire or transfer at a 12% pay cut was not a constructive discharge); *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 512–15 (6th Cir.1991) (there was no constructive discharge where an employee was given three options other than termination, all at lower levels and with pay cuts); *Jurgens v. Equal Employment Opportunity Comm'n*, 903 F.2d 386, 392 (5th Cir.1990) (a "slight decrease in pay coupled with some loss of supervisory responsibilities is insufficient to constitute a constructive discharge").

Instead, Haslip argues that the discriminatory act in his case was not the termination alone but "the entire set of circumstances surrounding Haslip's termination, namely, offering him another job at lower pay and then

terminating him." (Memorandum in opposition to motion for summary judgment, at 11.)

Of course, employment decisions other than a termination may be the basis for an age discrimination claim, but Haslip alleged a termination as the basis for his claim and the only other employment decisions shown by these facts are: (1) Hercules' decision to reassign Haslip's duties to Peter May in January 1990; and (2) Hercules' decision to offer Haslip a transfer with a cut in pay in lieu of termination.

A claim based on the reassignment of duties would be time-barred because Haslip's administrative charge was not filed until January 31, 1992—two years after that decision was made.

Hercules' decision during a reduction in force to offer an employee a transfer with a cut in pay rather than a termination, appears to be a favorable decision, not a discriminatory one. Haslip argues that if "younger employees not within the protected class were also offered transfers, but *without* any reduction in pay, this conduct would constitute evidence of age discrimination on the part of Hercules thereby satisfying the fourth required element of the *prima facie* case." (Memorandum in opposition to motion for summary judgment at 12.) However, this argument alone does not meet Haslip's burden of proof. He has not pointed to any evidence that younger employees were in fact offered transfers without any reduction in pay.

■ Haslip refers to Rule 56(f) for the proposition that he should be allowed to conduct further discovery. He did not file an affidavit under that rule or move for a continuance of the motion for summary judgment, and the court has not ordered a continuance. In any event, discovery has proceeded for almost a year since the defendants' reply memorandum was filed on August 5, 1993. Haslip has been given considerable time in which to conduct further discovery and has been notified that the court is prepared to rule on this motion, but he has not brought any additional, relevant facts to the court's attention.

The court therefore agrees that there is no genuine issue of material fact as to Haslip's age discrimination claim and that the defendants are entitled to judgment as a matter of law.

### B. Implied contract/wrongful termination claim

■ For similar reasons, the defendants are entitled to summary judgment on Haslip's implied contract/wrongful termination claim. There is no genuine issue of material fact, and the court holds as a matter of law that the defendants cannot be held liable for a wrongful termination where the plaintiff was given the option to transfer to another position which was not objectionable except that it involved a slight decrease in salary. *See Hill v. Terminix Int'l, Inc.,* 617 F.Supp. 1030, 1032 (E.D.Mich.1985) (granting summary judgment for the employer on a wrongful termination claim where the former employee had signed a release in which he conceded that he voluntarily quit his employment).

### V. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment against the plaintiff Gerald J. Haslip is granted.