*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAKI ANESTHESIA, PLLC,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 16, 2026
11:09 AM

No. 370044
Washtenaw Circuit Court
LC No. 23-000659-NF

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Plaintiff, Zaki Anesthesia, PLLC, appeals by delayed leave granted[1] the trial court's order that granted in part and denied in part summary disposition in favor of defendant, State Farm Mutual Automobile Insurance Company, under MCR 2.116(C)(7) and (10). In this interlocutory appeal, plaintiff, a medical service provider, alleged that the trial court erred in granting defendant's motion for summary disposition because defendant failed to discharge its liability for the payment of personal injury protection (PIP) no-fault benefits[2] through MCL 500.3112 and the terms of a settlement agreement and release executed between defendant and the claimant, Lawana Jackson. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In March 2019, Jackson was injured in a car accident. In April 2019, Jackson sued defendant, the automobile insurance carrier, claiming entitlement to over $25,000 in unpaid PIP benefits, including "wage loss benefits, medical benefits, prescription expenses, mileage, replacement service benefits, and attendant care benefits." The case went to trial, "and the jury returned a verdict of zero regarding [Jackson]'s claim for no-fault benefits, including her claims

---

[1] *Zaki Anesthesia, PLLC v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered October 7, 2024 (Docket No. 370044).

[2] No-fault insurance act, MCL 500.3101 *et seq*.

for medical benefits." After the trial, Jackson and defendant executed a settlement agreement in which they agreed that defendant would "forego [sic] any post-trial motion and/or appellate practice," and Jackson would waive certain[3] claims:

> [Jackson] does hereby release and discharge [defendant] from any and all liability under the automobile insurance policy for any and all personal protection insurance benefits as a result of injuries sustained in the Accident, as follows:

> Any and all past and present claims for medical bills and claims for medical services, chiropractic services, nursing services, hospital bills, prescription bills, transportation bills, medical mileage expenses, and any other bills, invoices, or expenses of a medical nature sustained in the Accident, incurred in the past, present, and into the future;

> \* \* \*

> IT IS UNDERSTOOD AND AGREED by the Parties that the Settlement Amount represents a compromise that is intended to fully and finally resolve the above-noted claims for personal protection insurance benefits payable to or for the benefit of [Jackson] as a result of injuries sustained in the Accident, including, without limitation, claims by any medical provider or other third party for treatment or services rendered to [Jackson] as articulated above. Accordingly, [defendant]'s obligation to pay the Settlement Amount is expressly conditioned upon [Jackson]'s agreement to a dismissal of this matter with prejudice.

> It is also understood and agreed by the Parties that any-and-all pending motion practice pertaining to the LITIGATION will be withdrawn. Further, any appellate practice stemming from the LITIGATION will be dismissed, or, for any appellate procedures that may be contemplated by [Jackson] or DEFENDANT, waived.

After the agreement, Jackson and defendant stipulated to dismiss the case with prejudice.[4]

As part of Jackson's treatment for the injuries that she allegedly sustained in the car accident, she incurred medical expenses with plaintiff, which neither Jackson nor defendant paid. Plaintiff sued defendant for the outstanding balance on those medical bills.[5] Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), contending that plaintiff's

---

[3] The release expressly exempted five entities that provided treatment from consideration in the release. Plaintiff was not included in this list.

[4] The agreement contained multiple references to a settlement amount. In moving for summary disposition, defendant did not divulge the amount or its payment.

[5] The case began in the 15th Judicial District Court but was later transferred to the Washtenaw Circuit Court.

cause of action was barred by the release executed between Jackson and defendant. Additionally, defendant claimed that the terms of the release including the settlement amount, the hold harmless provision, and the forbearance language addressing further litigation satisfied the payment language of MCL 500.3112.[6] Specifically, defendant argued that the consideration in the settlement agreement qualified as a good-faith payment that discharged its liability for PIP benefits under MCL 500.3112. In any event, summary disposition in favor of defendant was purportedly justified because Jackson waived all past, present, and future claims, which encompassed plaintiff's claims against defendant.

In opposition to the dispositive motion, plaintiff asserted that MCL 500.3112 only discharged the insurer's liability when payment of PIP benefits was made and against claimants who failed to provide the insurer with written notice of their claims. Plaintiff noted that it provided notice of its claim to the PIP benefits when it sued defendant before the settlement agreement was executed. And it claimed that defendant failed to make a good-faith payment because it never made any monetary transfer, and it never attempted to apportion a settlement amount to plaintiff despite knowing that plaintiff had an exclusive right to collect on the bills for its services. Alternatively, plaintiff argued that any purported release of liability from the settlement agreement was ineffective against plaintiff's claims because Jackson did not have standing to pursue its claims. That is, plaintiff was the sole party in interest because Jackson had assigned to plaintiff all her rights to PIP benefits associated with its services provided from February 11, 2021 through January 17, 2023.[7]

In September 2023, the trial court held a hearing and granted defendant's dispositive motion, concluding that the settlement agreement precluded plaintiff's claim in part:

> Well, I know that this is a major issue up in the Court of Appeals, the whole status of the relationship of the claim that the insured may have and the claim that a provider may have and there are opinions going back and forth and all the

---

[6] MCL 500.3112 states, in pertinent part: "Personal protection insurance benefits are payable to or for the benefit of an injured person . . . . A health care provider listed in [MCL 500.3157] may make a claim and assert a direct cause of action against an insurer . . . to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person. Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled to the benefits, the insurer, the claimant, or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate."

[7] Plaintiff asserted that "[e]ach billing submission contained an assignment of rights, whereby the injured person transferred her right to collect benefits arising out of Plaintiff's treatment to Plaintiff." Because the claim file was nearly 24,000 pages without bookmarks, plaintiff did not attach the assignments but only presented an example of the patient's lien.

-3-

(indecipherable) we received, it's a mess and it's gonna take a while the [sic] sort out. Historically, I had always taken the position that the provider claim is derivative if it truly is through the insurer. There is some case law that I'm aware of that has looked at that differently, so I softened my position on that.

However, I'm sure you'll take it up no matter what I do. And in this case, [defense counsel], I'm granting your motion. I think the release does cover it. That's a problem between the provider and the insured. And believe me, the Court of Appeals might totally disagree with me, send it back, tell me nope, and it goes to trial and I'm happy to do that. But in this case, let's run that one up the flag pole and see what they say, so granted.

Plaintiff's counsel asked whether the trial court was "considering the release to preclude [his] client's claim, nothing to do with thirty-one twelve?" The trial court answered, "Yes." The trial court also clarified that any liabilities incurred before the release were "still claimable," so the case was not entirely dismissed. The trial court entered an order to that effect, and this appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Girimonte v Liberty Mut Ins Co*, 348 Mich App 768, 779; 19 NW3d 921 (2023). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. The moving party must identify and support the issues to which the moving party contends there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Pittsfield Charter Twp v Washtenaw Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*.

Summary disposition under MCR 2.116(C)(7) is appropriate in favor of a defendant if the plaintiff's claims are barred because of release. *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015). When reviewing a motion for summary disposition premised on MCR 2.116(C)(7), the affidavits, depositions, admission, and other documentary evidence are examined to determine whether the moving party is entitled to summary disposition. See MCR 2.116(G)(5); *Margaris v Genesee Co*, 324 Mich App 111, 115; 919 NW2d 659 (2018).

## III. ANALYSIS

Plaintiff contends that the trial court erred in determining that the release encompassed its claims because the release was ambiguous. We disagree.

An agreement to settle pending litigation constitutes a contract, and the rules governing the interpretation and construction of a contract apply. *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015). When interpreting a contract, the court must determine the parties' intent by evaluating the contract language in accordance with its plain and ordinary meaning. *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). When contract language is clear and unambiguous, it must be enforced as written. *Id*. Clumsily written

and inartfully worded contracts are unambiguous provided the language fairly admits of but one interpretation. *Id*. "It is well established that an injured person entitled to no-fault benefits may waive that entitlement and release an insurer from payment of future benefits in exchange for a settlement." *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 447; 830 NW2d 781 (2013), citing *Lewis v Aetna Cas & Surety Co*, 109 Mich App 136, 140; 311 NW2d 317 (1981). The release's text may unambiguously limit future claims, and a plaintiff is not without a remedy when the insured remains liable to a medical provider for services performed. *Id*. at 448-450.

Contrary to plaintiff's assertion, the settlement agreement was not intrinsically contradictory. It unambiguously waived all Jackson's rights to future PIP benefits, which necessarily extinguished plaintiff's right to those benefits. *Id*. Jackson unambiguously waived all her rights to PIP benefits arising from injuries that she sustained in her car accident when she executed the settlement agreement with defendant.

The lack of an identified "Settlement Amount" also does not void the agreement for lack of consideration. Consideration requires a "bargained-for exchange," meaning "a benefit on one side, or a detriment suffered, or service done on the other." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 508; 885 NW2d 861 (2016). Even the smallest value may constitute adequate consideration. *Id*. In the context of a settlement, this Court has held that the parties' agreement to dismiss their respective claims "furnishes good consideration," even if no money is exchanged. *McElmurry v Nine*, 89 Mich App 290, 292; 279 NW2d 301 (1979). And if a settlement releases an insurer from liability for PIP benefits for future medical services, then it does not need to provide separate or additional consideration for that waiver. See *Mich Head & Spine Institute, PC*, 299 Mich App at 449. Therefore, the fact that defendant's only consideration for the release of all PIP benefits was its promise "to forego [sic] any post-trial motion and/or appellate practice" did not make the waiver of future PIP benefits unenforceable.

Accordingly, partial summary disposition for defendant was appropriate because plaintiff lost its status as the real party in interest. A defendant is entitled to protection against vexatious litigation from different parties raising the same cause of action. A party may sue as the real party in interest if it can legally discharge the debtor and the judgment's satisfaction will operate as a discharge even if for the benefit of another. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (2025), slip op at 31. Irrespective of the assignments, the settlement agreement and release reflect that a trial occurred addressing Jackson's medical benefits, and she did not prevail in correlating the automobile accident with plaintiff's services. Defendant is thus entitled to be protected against litigation raised by different parties asserting the same cause of action. *Id*.

Furthermore, "a PIP benefits claim for a specific amount of money to pay for medical expenses does not accrue until the expense is actually incurred." *Andary v USAA Cas Ins Co*, 512 Mich 207, 243; 1 NW3d 186 (2023). Under MCL 500.3112, "[a] health care provider listed in section 3157 may make a claim and assert a direct cause of action against an insurer, or under the assigned claims plan under sections 3171 to 3175, to recover overdue benefits *payable* for charges for products, services, or accommodations provided to an injured person." (Emphasis added). In this case, any medical expenses that Jackson incurred after execution of the release were no longer payable under the subject policy of insurance or the no-fault act because she released any interest

-5-

that she had to such benefits before incurring the expense. In other words, after execution of the release of future benefits, she was no longer insured for expenses incurred as a result of the March 2019 car accident after the date of the release based on its terms.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica